[Crim. No. 18578. Second Dist., Div. Four. Dec. 18, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
RODERICK JAMES SCOBIE, Defendant and Appellant.

## COUNSEL

John Alan Montag for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and William V. Ballough, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**FILES, P. J.**—By an unpublished opinion filed June 14, 1971, this court affirmed defendant's conviction for the offenses of kidnaping for the purpose of ransom (Pen. Code, § 209) and false imprisonment (Pen. Code, § 236).

On November 20, 1973, through new counsel, defendant filed a motion to recall the remittitur and rehear the appeal.

In support of the motion, defendant contends that he failed to receive due process on his appeal because his court-appointed attorney failed to argue all "arguable" issues, citing *In re Smith* (1970) 3 Cal.3d 192 [90 Cal. Rptr. 1, 474 P.2d 969]. Defendant points out that, under the *Smith* case, he is not required to show that the unargued "arguable" issues would have entitled him to a reversal. In the *Smith* case the Supreme Court ordered that the Court of Appeal recall its remittitur and grant a new hearing to Smith upon the ground that his counsel had failed to argue certain "arguable" issues in the Court of Appeal. The opinion of the Supreme Court carefully pointed out that it was not holding that any of the arguable

issues had merit as grounds of reversal.[1] The holding of the *Smith* case is that due process required that these issues be argued whether or not the record contained ground for reversal. It is thus clear that the Supreme Court has determined that there is a category of arguable-but-unmeritorious issues which must be argued as a requirement of due process on appeal.

If the Supreme Court had pointed to a ground of reversal which had been overlooked by counsel and by the Court of Appeal in the *Smith* case, the problem would be quite different. We could then meet our responsibilities by ascertaining whether the record contains a possible ground for reversal which deserves reexamination. But in *Smith* and in *People* v. *Rhoden* (1972) 6 Cal.3d 519 [99 Cal.Rptr. 751, 492 P.2d 1143], which followed, the court put its decisions on another ground. In each case the Supreme Court had before it the record and could have said so if it believed any of the "arguable" issues had merit.[2] Instead, the court held that the appellate court decision had to be set aside because there had not been sufficient argument to satisfy due process. To follow *Smith* and *Rhoden* we are required to judge not only the merits of the appeal but the performance of counsel.[3] A defendant may have been fairly tried and justly convicted, and have no ground of reversal, yet be entitled to attack the judgment of the appellate court, under *Smith* and *Rhoden*, because of deficiency in the performance of his appellate attorney.

Neither *Smith* nor *Rhoden* gives any guidance as to how to distinguish between an unmeritorious contention which appellate counsel must argue, and an unmeritorious contention which he need not argue. The problem we face here is to determine whether our 1971 decision, though correct on the merits, should be set aside because some arguable-but-unmeritorious points should have been argued in addition to the points which were raised.

Because of the heavy cloud which *Smith* and *Rhoden* cast over the finality of an appellate decision in a criminal case, we deem it necessary to record in this opinion our response to the defendant's new (as of Nov. 1973) contentions.

---

[1] *In re Smith, supra,* 3 Cal.3d at page 202: "We have catalogued the arguments which petitioner's counsel failed to offer on behalf of his client, not because we conclude that petitioner was likely to obtain a reversal on appeal, but only to demonstrate that his appellate counsel did not render the thoughtful assistance to which he was entitled."

[2] *In re Banks* (1971) 4 Cal.3d 337 [93 Cal.Rptr. 591, 482 P.2d 215], was a case where counsel had overlooked reversible errors. The Supreme Court pointed out the errors, granted relief, and sent the case back to the trial court.

[3] The *Rhoden* opinion explains: "As in *In re Smith, supra,* we have catalogued the contentions which defendant's appellate counsel failed to raise not to imply how the merits of the appeal should have been resolved but to emphasize the gross deficiencies in counsel's presentation." (6 Cal.3d at p. 529.)

When this appeal was here in 1971, the case was reviewed with more than routine attention, due both to the seriousness of the offense and the earnest persistence of counsel and defendant personally.

First, counsel on appeal moved to augment the record to bring up the argument of the prosecutor to the jury, because defendant had asserted that the prosecutor had committed misconduct in argument. The motion was granted and the supplemental transcript was prepared. (Nothing worthy of mention has been found in it.)

After preparing the opening brief, defendant's counsel sent a copy of it to the deputy public defender who had represented defendant at the trial, and invited his comments. Based on the suggestions of trial counsel, a supplemental opening brief was filed by the appellate attorney.

Thereafter defendant personally asked and obtained leave to file his own supplemental brief. We allowed this not because of any apparent deficiency in the brief prepared by counsel, but because we were willing to give defendant the opportunity to present any contention he wished to make as a ground for reversing or modifying the judgment. A 29-page typed brief purporting to come from defendant personally was filed and was considered by this court.

After the decision of this court had been filed, affirming the judgment of the trial court, appellate counsel advised defendant that he would not file a petition for rehearing or a petition for a hearing in the Supreme Court, but instructed defendant as to the time limits for each petition so that defendant could file his own if he chose. Defendant did file a petition for rehearing which was considered and denied by this court, and a 42-page petition for hearing which was denied by the Supreme Court.

Contrary to the defendant's assertion in his pending motion, his appointed attorney did not withdraw. He remained counsel of record, available to present to this court or to the Supreme Court any petition or motion or other matter if any ground for such action came to his attention up to the expiration of the time limits for the exercise of appellate jurisdiction in those courts. The decision of counsel not to file a petition for rehearing or for hearing in the Supreme Court simply reflected his professional judgment that there was no ground for such petitions. Whether an attorney is appointed by the court or selected and paid by the defendant, the same exercise of professional judgment controls those decisions.

■ One point which defendant now says was "arguable" is that the trial court should have instructed upon simple kidnaping (Pen. Code, § 207) as a lesser offense included within the charged offense of kidnaping

for ransom (Pen. Code, § 209). The record shows that the People submitted a proposed instruction on simple kidnaping, and the trial attorney representing defendant objected to any instructions on the lesser offense.[4] The court therefore decided not to give it. The attorney representing defendant on this motion now argues that defendant's appellate attorney was constitutionally incompetent in that he failed to argue that the trial attorney was constitutionally incompetent for objecting to an instruction on the lesser offense.

In the first place, trial counsel expressed a clear tactical purpose. (See *People* v. *Graham* (1969) 71 Cal.2d 303, 317-319 [78 Cal.Rptr. 217, 455 P.2d 153]; *People* v. *Phillips* (1966) 64 Cal.2d 574, 580 fn. 4 [51 Cal.Rptr. 225, 414 P.2d 353]; *People* v. *Aguilar* (1973) 32 Cal.App.3d 478, 485 [108 Cal.Rptr. 179]; *People* v. *Helfend* (1969) 1 Cal.App.3d 873, 881 [82 Cal.Rptr. 295]; *People* v. *Alfreds* (1967) 251 Cal.App. 2d 666, 671 [59 Cal.Rptr. 647].) He wanted to avoid giving the jury an opportunity to arrive at a compromise verdict if one or more of its members had doubts about proof of the offense charged.

In the second place the evidence did not contain a rational basis for a conviction of kidnaping under Penal Code section 207. The prosecution's evidence showed that defendant and another man entered a home, seized and bound an adult female baby-sitter, and carried away a two-and-a-half-year-old child. Less than three hours later an unidentified voice on the telephone demanded ransom. Eventually the child was recovered unharmed. The trial revolved around the identification of defendant as one of the kidnapers. No reason for the kidnaping other than ransom appears from the evidence. An instruction to the jury on the subject of simple kidnaping could have had no purpose except to invite a compromise verdict.

We regard this argument, made for the first time in support of the motion, as legally frivolous. There was no constitutional necessity for appellate counsel to have included this as an "arguable" contention in his brief.

Other contentions made in support of the pending motion require no

---

[4]The record contains this colloquy outside the presence of the jury:

"MR. MALKAN [attorney for defendant]: Your Honor, the offense charged is a violation of Section 209, and we feel that, under the evidence in this case, giving an instruction or giving a verdict to the jury in regard to 207 could only encourage them to bring in a compromised verdict, and we don't think it should be done.

"THE COURT: Is it the defendant's request that it not be given?

"MR. MALKAN: Well, we would object to it being given, yes.

"THE COURT: I just want the record to be clear in that regard.

"THE DEFENDANT: Yes."

discussion here. We have considered the case again in the light of the new arguments presented, and we find no reason to recall the remittitur for the sake of further argument.

The motion to recall the remittitur is denied.

Jefferson, J., and Kingsley, J., concurred.