[Crim. No. 19363. Jan. 6, 1977.]

In re KATHLEEN SANDS on Habeas Corpus.

■■■■

■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■

COUNSEL

Frank L. Williams, Jr., Public Defender, and Kenneth D. Cook, Deputy Public Defender, for Petitioner.

Warren D. Weinstein, Daniel S. Brunner, Albert H. Meyerhoff, Ralph Santiago Abascal, Maxim N. Bach and Bach & Bach as Amici Curiae on behalf of Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Alan S. Meth and Patricia D. Benke, Deputy Attorneys General, for Respondent.

OPINION

**TOBRINER, J.**—On February 19, 1975, petitioner was convicted in the Municipal Court for the Central Orange County Judicial District of a violation of Welfare and Institutions Code section 11482, which proscribes among other things the knowing failure to disclose a material fact in order to obtain aid under the aid to families with dependent children program (hereafter referred to as the AFDC program). Affirming the conviction, the appellate department of the superior court refused to certify the case to the Court of Appeal for further appeal. Petitioner now seeks to overturn her conviction by means of habeas corpus.

Petitioner relies upon Welfare and Institutions Code section 11483, which provides in part that "All actions necessary to secure restitution shall be brought against persons in violation of this section as provided in Sections 12250 and 12850." ■■ ■■■■ The sections referred to provided in identical language that: "It is the intent of the Legislature

that restitution shall be sought by request, civil action, or other suitable means prior to the bringing of a criminal action."[1] When read together with the statutes to which it refers, section 11483 thus apparently requires the state to seek restitution from a prospective defendant before charging him with a violation of section 11483.

Respondent concedes that the state did not seek restitution before charging petitioner with a violation of section 11482. In order to obtain relief by habeas corpus, however, petitioner must also demonstrate three propositions: (1) that the restitution requirement of section 11483 states a condition precedent to prosecution of persons charged with wrongfully obtaining AFDC aid in violation of section 11482; (2) that the restitution requirement is mandatory rather than directory, so that failure to comply with this requirement will bar a criminal prosecution; and (3) that noncompliance with the restitution requirement constitutes fundamental jurisdictional error and thus serves as a ground for collateral attack upon petitioner's conviction. As we shall explain, petitioner fails to demonstrate that the state's noncompliance with the restitution requirement constitutes fundamental jurisdictional error, and thus is not entitled to relief by writ of habeas corpus.

Petitioner's husband, Austin Sands, left the family home in November 1973. Finding her income of $176 per month insufficient to support herself and her two minor children, petitioner applied in January 1974 for AFDC assistance, for food stamps, and for Medi-Cal aid. Austin Sands returned to petitioner's home for part of July and August 1974, but petitioner did not report his return to the Department of Social Welfare. Based upon Austin Sands' earnings during July and August, the department computed that during those months petitioner received excess state aid in the amount of $1,592, of which $802 was attributed to excess AFDC payments and the balance to food stamps and Medi-Cal benefits.

On September 3, 1974, petitioner was arrested for misdemeanor welfare fraud in violation of section 11482. Prior to her arrest she had

---

[1]Sections 12250 and 12850 were repealed in 1973, but the substance of the restitution requirement embodied in those provisions was reenacted in new section 13200. Notwithstanding their repeal, sections 12250 and 12850 remain operative to the extent they are incorporated into section 11483. " 'It is a well established principle of statutory law that where a statute adopts by specific reference the provisions of another statute . . ., such provisions are incorporated in the form in which they exist at the time of the reference . . . and that the repeal of the provisions referred to does not affect the adopting statute . . . .' " (*Palermo* v. *Stockton Theatres, Inc.* (1948) 32 Cal.2d 53, 58-59 [195 P. 2d 1].)

neither received notice that criminal proceedings were contemplated, nor had the department made any attempt to obtain restitution of the overpayment.

At trial, petitioner moved for a judgment of acquittal under Penal Code section 1118.1 on the ground, among others, that the state had not attempted to secure restitution prior to the filing of the complaint. The trial court denied the motion. The jury returned a verdict finding petitioner guilty of violating section 11482; the court placed her on probation for three years on condition that she spend 60 days in the county jail, then stayed the jail sentence on condition that petitioner make regular progress toward restitution.

Petitioner appealed to the appellate department of the superior court. The appellate department affirmed her conviction, holding that "The District Attorney's seeking of restitution is not a prerequisite to the filing of a criminal complaint that charges violation of Welfare and Institutions Code section 11482." The appellate department declined to certify the cause to the Court of Appeal. Petitioner then filed the instant petition for habeas corpus with the Court of Appeal, which denied relief. Following the Court of Appeal decision[2] we granted a hearing.

Section 11482, under which defendant was convicted, provides as follows: "Any person other than a needy child, who willfully and knowingly, with the intent to deceive, makes a false statement or representation or knowingly fails to disclose a material fact to obtain aid, or who, knowing he is not entitled thereto, attempts to obtain aid or to continue to receive aid to which he is not entitled, or a larger amount than that to which he is legally entitled, is guilty of a misdemeanor." Section 11482 contains no provision requiring the state to seek restitution before instituting criminal proceedings.

Petitioner contends, however, that the restitution requirement of section 11483 applies to criminal proceedings for obtaining aid in violation of section 11482. Section 11483 first states that:

[2]The petition for habeas corpus, in addition to raising the issue concerning the restitution requirement of section 11483, requested the Court of Appeal to review two rulings of the trial court respecting the admissibility of evidence. The Court of Appeal declined to consider those issues, and petitioner did not raise the matter in her petition for hearing. Habeas corpus ordinarily does not lie to review rulings respecting the admission or exclusion of evidence (*In re Lindley* (1947) 29 Cal.2d 709, 723 [177 P.2d 918]; and, since petitioner does not urge here that the present case justifies an exception to this principle, we see no reason to discuss the particulars of petitioner's arguments concerning the trial court's rulings.

"Whenever any person has, by means of false statement or representation or by impersonation or other fraudulent device, obtained aid for a child not in fact entitled thereto, the person obtaining such aid shall be punished as follows:

"(1) If the amount obtained or retained is two hundred dollars ($200) or less, by imprisonment in the county jail for a period of not more than six months, a fine of not more than five hundred dollars ($500), or both such imprisonment and fine.

"(2) If the amount obtained or retained is more than two hundred dollars ($200), by imprisonment in the state prison for not less than one year or more than 10 years or by imprisonment in the county jail for not more than one year."

Section 11483 then goes on to provide that "All actions necessary to secure restitution shall be brought against persons in violation of this section as provided in Sections 12250 and 12850." As we noted earlier, sections 12250 and 12850, which related to state programs for aid to the aged and blind, provided that "it is the intent of the Legislature that restitution shall be sought by request, civil action or other suitable means prior to the bringing of a criminal action."

For purpose of argument we shall assume that the restitution requirement of section 11483 governs criminal proceedings for obtaining aid by means of misrepresentation or concealment in violation of section 11482. We assume also for purpose of the argument that the restitution requirement is mandatory (see *Pulsiver* v. *County of Alameda* (1946) 29 Cal.2d 258, 262 [175 P.2d 1]), so that failure of the state to seek restitution bars a criminal prosecution under sections 11482 or 11483. We therefore arrive at the dispositive issue in the present appeal: whether noncompliance with the restitution requirement of section 11483 constitutes fundamental jurisdictional error which entitles petitioner to relief by writ of habeas corpus.

■ Since it is a collateral attack on a judgment, habeas corpus does not lie unless the asserted defect in the proceedings constitutes a fundamental jurisdictional or constitutional error. (See *In re Coughlin* (1976) 16 Cal.3d 52, 55 [127 Cal.Rptr. 337, 545 P.2d 249]; *In re Winchester* (1960) 53 Cal.2d 528, 531-532 [2 Cal.Rptr. 296, 348 P.2d 904]; *In re McInturff* (1951) 37 Cal.2d 876, 879-880 [236 P.2d 574]; *In re Oxidean* (1961) 195 Cal.App.2d 814, 817 [16 Cal.Rptr. 193].) California

decisions make clear that the concept of fundamental jurisdictional error, for the purpose of a writ of habeas corpus, is no longer strictly limited to cases in which the trial court wholly lacks jurisdiction over the person of the defendant or the subject matter of the proceeding; the concept encompasses any error of sufficient magnitude that the trial court may be said to have acted in excess of jurisdiction. (See *People* v. *Mutch* (1971) 4 Cal.3d 389, 396 [93 Cal.Rptr. 721, 482 P.2d 633]; *In re Jackson* (1964) 61 Cal.2d 500, 503-504 [39 Cal.Rptr. 220, 393 P.2d 420]; *In re Zerbe* (1964) 60 Cal.2d 666, 667-668 [36 Cal.Rptr. 286, 388 P.2d 182, 10 A.L.R.3d 840]; *In re Bell* (1942) 19 Cal.2d 488, 492-494 [122 P.2d 22].) Beyond that essential clarification, however, the decisions provide no litmus test of fundamental jurisdictional error, but seek instead to preserve habeas corpus as a flexible remedy adaptable to the exceptional circumstances of individual cases. (See *In re Jackson, supra,* 61 Cal.2d 500, 504-505.)

Nevertheless, despite the expanded scope of the great writ in California, the principle endures that habeas corpus will not lie to correct procedural error which is not of fundamental jurisdictional character. (See *People* v. *Stanworth* (1974) 11 Cal.3d 588, 605-606 [114 Cal.Rptr. 250, 522 P.2d 1058] (sufficiency of evidence); *In re Mitchell* (1961) 56 Cal.2d 667, 672 [16 Cal.Rptr. 281, 365 P.2d 177] (failure to rearraign defendant on amended information); *In re Winchester, supra,* 53 Cal.2d 528, 532 (separation of jurors during deliberations); *In re Oxidean, supra,* 195 Cal.App.2d 814 (failure to refer case for probation report).) ▮ Thus we must inquire in the present case whether the failure of the trial court to require the state to comply with the restitution requirement of section 11483 would constitute "fundamental jurisdictional defect" (*In re Winchester, supra,* 53 Cal.2d at p. 531), entitling petitioner to release upon habeas corpus or would be a "mere error of procedure" (*id.,* at p. 532) which cannot be raised by collateral attack.

As we shall explain, we conclude that the court's failure to require an attempt to secure restitution before the filing of criminal proceedings against petitioner does not constitute a fundamental jurisdictional defect in those proceedings. Restitution does not constitute a defense to the crime of welfare fraud. (*Madrid* v. *Justice Court* (1975) 52 Cal.App.3d 819, 824 [125 Cal.Rptr. 348].) Since the criminal conviction will stand even if the guilty party actually *restores* the fraudulently obtained funds the failure of the state to seek such restoration can hardly create in the guilty party a right to overturn the conviction by collateral attack.

■ Petitioner nonetheless asserts that compliance with the restitution requirement of section 11483 is an element of the crime of which she was charged; from this premise she reasons that the information filed against her, because it did not allege compliance with that requirement, did not charge a public offense. (See *In re Allen* (1962) 59 Cal.2d 5, 6 [27 Cal.Rptr. 168, 377 P.2d 280, 97 A.L.R.2d 1415].) But petitioner has clearly erred in describing the function of the restitution requirement, for under petitioner's theory a person who obtains AFDC funds by fraud would commit no crime until the state discovered the loss and demanded the return of the money. Indeed the state could indefinitely extend the period of limitation for the fraud simply by delaying its demand for restitution. Such a construction of sections 11482 and 11483 is plainly unreasonable. We conclude that the crime of obtaining AFDC aid by misrepresentation or concealment is completed with the taking of the money, not with the state's subsequent demand for the return of the money, and that such demand is therefore not an element of the crime.[3]

Since a demand for restitution is not an element of the offense, the failure of the state to seek restitution is irrelevant to the guilt or innocence of petitioner; consequently her conviction, despite the state's noncompliance with section 11483, does not "result in a miscarriage of justice" (*In re Winchester, supra,* 53 Cal.2d at p. 532). All that petitioner has lost is the opportunity to persuade the state not to file charges against her; she retained the opportunity to persuade the state to dismiss those charges, and the right to defend against the charges on their merits. Her failure either to persuade the state to drop the charges against her or to demonstrate a defense to those charges strongly suggests that the state's noncompliance with section 11483 was not prejudicial to petitioner.

Moreover, a ruling that compliance with the restitution requirement is jurisdictional would not accord with the objective of the Legislature. It may be, as petitioner contends, that construing the restitution requirement as mandatory is desirable to ensure that in future cases prosecutors will seek restitution before filing criminal complaints, thus furthering the legislative goals of safeguarding public funds and protecting the interests

[3]Petitioner relies upon *In re Giannini* (1968) 69 Cal.2d 563 [72 Cal.Rptr. 655, 446 P.2d 535], in which we granted habeas corpus to overturn convictions for violating Penal Code section 314, subdivision 1 (lewd exposure) and Penal Code section 647, subdivision (a) (lewd conduct) on the ground that "[s]ince the . . . record contains no evidence as to contemporary community standards, *a crucial element in the proof of guilt,* the conviction of petitioners violated due process." (69 Cal.2d 563, 577 fn. 11.) (Italics added.) *Giannini* is inapposite since petitioner here has failed to show that the state'e demand for restitution constitutes a crucial element in the proof of guilt.

of dependent children. Construing the requirement as not only mandatory but jurisdictional, however, is not necessary to achieve those suggested legislative ends; such a construction not only would fail to significantly affect future cases, but would also work the serious disadvantage of reopening final judgments on grounds unrelated to innocence or guilt.

Indeed, if petitioner's claim that prosecutors regularly disregard the restitution requirement of section 11483 is true, a holding that nonobservance of the requirement constituted a jurisdictional defect would nullify most AFDC fraud convictions of the past few years. In view of the Legislature's continuing concern with the deterrence of welfare fraud and the punishment of those who commit that offense, the Legislature would hardly intend such a construction of section 11483.

We therefore conclude that compliance with the restitution requirement of section 11483 is not a jurisdictional prerequisite to the filing of an action charging welfare fraud under section 11482. Accordingly, petitioner is not entitled to relief on habeas corpus. The order to show cause is discharged and the petition for writ of habeas corpus is denied.

Wright, C. J., McComb, J., Mosk, J., Sullivan, J., Clark, J., and Richardson, J., concurred.