[No. G000792. Fourth Dist., Div. Three. June 29, 1984.]

In re ROBERT ALLEN SPEARS on Habeas Corpus.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Ralph H. Goldsen and Richard Lennon, Deputy State Public Defenders, for Petitioner.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, John W. Carney, Jay M. Bloom and Robert M. Foster, Deputy Attorneys General, for Respondent.

**OPINION**

**TROTTER, P. J.**—Petitioner was convicted of kidnaping for purpose of robbery (Pen. Code, § 209) and three counts of robbery with gun use (Pen. Code, §§ 211, 12022.5). He was sentenced to state prison for life with

possibility of parole for the kidnaping, with an additional six-year term consecutive to that for one of the robbery counts, firearm use, and a prior conviction. Petitioner's term is thus 13 years to life. (Pen. Code, § 3046; *People* v. *McGahuey* (1981) 121 Cal.App.3d 524 [175 Cal.Rptr. 479].) On appeal, his appointed counsel filed a brief pursuant to *People* v. *Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071] with the Fourth Appellate District, Division Two, on December 10, 1981 (case number 4 Crim. 12781), informing the court that he had found no arguable issues. Petitioner's convictions and sentences were affirmed on December 23, 1981.

On June 22, 1983, petitioner filed a petition for writ of habeas corpus with this court. He contends his case should be remanded for resentencing because the trial court failed to state reasons for imposing a consecutive sentence of six years beyond the seven years to life sentence imposed for the kidnaping for robbery conviction. Petitioner further alleges that appointed appellate counsel rendered ineffective assistance in failing to raise that issue in his appeal. This court issued an order to show cause why the petition should not be granted on March 2, 1984.

## I. Facts

On June 6, 1980, petitioner entered the Ace Old Furniture Store in Garden Grove and asked a salesperson for change. When the register was opened, petitioner produced a gun, took the contents, and ordered the salesperson into the back of the store. He then left.

In early July 1980, Mark Baker, who sold speakers from a van, made his sales pitch to petitioner on a street in Orange County. Petitioner expressed interest and gave Baker his telephone number. Baker called later and arranged to meet petitioner. When they met, petitioner and a companion looked at the speakers briefly, then petitioner pointed a gun at Baker and tied him up in the back of the van. They drove elsewhere and unloaded the speakers. At another location, Baker was left alone in the van and escaped.

On September 9, 1980, petitioner and a companion entered a pharmacy in Placentia and ordered the pharmacist and sales clerk at gunpoint to hand over drugs and money. They then left. Petitioner was arrested approximately 10 days later.

## II. Preliminary Matters

In their return to the petition, the People allege we should not consider petitioner's claim for the following reasons: (1) the petition is barred by the doctrine of laches; (2) since petitioner could have

raised the sentencing issue he raises here in his prior direct appeal but did not do so, his claim is barred; and (3) since the ultimate issue sought to be reached by petitioner is not one creating a fundamental jurisdictional or constitutional error, it is not the proper subject of a petition for a writ of habeas corpus. We disagree.

Approximately 18 months elapsed from the time the Court of Appeal issued its opinion affirming petitioner's convictions until the date the instant petition was filed. Through his own declaration and that of his present counsel, petitioner has adequately explained this delay as attributable to his lack of capacity to represent himself (see *In re Saunders* (1970) 2 Cal.3d 1033, 1040 [88 Cal.Rptr. 633, 472 P.2d 921]) and the scarcity of channels through which legal assistance is available to indigent prisoners. Petitioner attempted to obtain legal assistance to pursue his case immediately upon affirmance of his conviction and has been neither dilatory nor in any other way culpable for the delay. Additionally, 18 months is not a significant delay. (*In re Hancock* (1972) 67 Cal.App.3d 943, 945, fn. 1 [136 Cal.Rptr. 901].) Moreover, the rights of the People are not harmed by the delay. (See *In re Bartlett* (1971) 15 Cal.App.3d 176, 186 [93 Cal.Rptr. 96].) Accordingly, the petition is not barred by the doctrine of laches.

The People's contention petitioner's claim of excessive sentence is barred because he could have raised the issue in his prior direct appeal but did not is also without merit. Habeas corpus ordinarily cannot serve as a second appeal or as a substitute for an appeal. (*In re Terry* (1971) 4 Cal.3d 911, 927 [95 Cal.Rptr. 31, 484 P.2d 1375]; *In re Eli* (1969) 71 Cal.2d 214, 219 [77 Cal.Rptr. 665, 454 P.2d 337]; *In re Waltreus* (1965) 62 Cal.2d 218, 225 [42 Cal.Rptr. 9, 397 P.2d 1001].) However, habeas corpus is the appropriate means to remedy deprivation of the effective assistance of appellate counsel. (*In re Banks* (1971) 4 Cal.3d 337 [93 Cal.Rptr. 591, 482 P.2d 215].) Thus, if, as petitioner contends, he was deprived of the effective assistance of appellate counsel by counsel's failure to raise the sentencing issue on appeal, then his claim is not barred and habeas corpus is the appropriate means of relief.

Of somewhat greater significance is the People's claim that since the ultimate sentencing issue sought to be reached by petitioner is not one creating a fundamental jurisdictional or constitutional error, it is not the proper subject of a petition for a writ of habeas corpus. Habeas corpus does not lie unless the asserted defect in the proceedings constitutes a fundamental jurisdictional or constitutional error. (See *In re Sands* (1977) 18 Cal.3d 851, 856 [135 Cal.Rptr. 777, 558 P.2d 863]; *In re Coughlin* (1976) 16 Cal.3d 52, 55 [127 Cal.Rptr. 337, 545 P.2d 249]; *In re Winchester* (1960) 53 Cal.2d 528, 531-532 [2 Cal.Rptr. 296, 348 P.2d 904].)

The issue raised here is whether petitioner was deprived of effective assistance of appellate counsel by his failure to raise the excessive sentence issue on appeal. The asserted defect is the deprivation of effective assistance of appellate counsel, which is clearly fundamental constitutional error cognizable in a habeas corpus proceeding. (See *People* v. *Barton* (1978) 21 Cal.3d 513 [146 Cal.Rptr. 727, 579 P.2d 1043]; *In re Banks, supra,* 4 Cal.3d 337; see also *Gilbert* v. *Sowders* (6th Cir. 1981) 646 F.2d 1146; *Ross* v. *Moffitt* (1974) 417 U.S. 600 [41 L.Ed.2d 341, 94 S.Ct. 2437]; *Douglas* v. *California* (1963) 372 U.S. 353, 355 [9 L.Ed.2d 811, 813, 83 S.Ct. 814]; *Griffin* v. *Illinois* (1956) 351 U.S. 12 [100 L.Ed. 891, 76 S.Ct. 585, 55 A.L.R.2d 1055].) The People offer no authority to the contrary nor do we find any.

Relying on the case of *In re Sands, supra,* 18 Cal.3d 851, the People nevertheless argue that since the ultimate issue sought to be reached (i.e., the trial court's failure to state its reasons for imposing consecutive terms) constitutes neither a fundamental jurisdictional nor constitutional error, habeas corpus does not lie. Their reliance on *Sands* is misplaced, however, and we find no authority for their position. In *Sands* no claim of ineffective assistance of counsel was made. Rather, our Supreme Court held the failure of the trial court to require the state to comply with statutory requirements it seek restitution prior to the bringing of a criminal action did not constitute a fundamental jurisdictional defect entitling the petitioner to overturn the conviction by collateral attack because restitution does not constitute a defense to the crime of welfare fraud and the criminal conviction would stand even if restitution were made. Petitioner had raised in the lower courts the issue of the state's failure to seek restitution prior to the filing of the complaint.[1]

Further, we find no support for the People's contention the ultimate issue sought to be reached must, in and of itself, be cognizable in a habeas corpus proceeding in order for a claim of ineffective assistance of appellate counsel based on counsel's failure to raise that underlying defect to be cognizable. To the contrary, it has been held, for example, the issue of insufficiency of the evidence to support a conviction is not cognizable in and of

---

[1]"At trial, petitioner moved for a judgment of acquittal under Penal Code section 1118.1 on the ground, among others, that the state had not attempted to secure restitution prior to the filing of the complaint. The trial court denied the motion. . . .

"Petitioner appealed to the appellate department of the superior court. The appellate department affirmed her conviction, holding that 'The District Attorney's seeking of restitution is not a prerequisite to the filing of a criminal complaint that charges violation of Welfare and Institutions Code section 11482.' The appellate department declined to certify the cause to the Court of Appeal. Petitioner then filed the instant petition for habeas corpus with the Court of Appeal, which denied relief. Following the Court of Appeal decision we granted a hearing." [Fn. omitted.] (*Id.,* at p. 855.)

itself in a habeas corpus proceeding. (See *In re Adams* (1975) 14 Cal.3d 629, 636 [122 Cal.Rptr. 73, 536 P.2d 473]; *In re Lindley* (1947) 29 Cal.2d 709, 723 [177 P.2d 918].) However, a claim of incompetence of appellate counsel based on failure to raise the issue of insufficiency of the evidence is cognizable in a habeas corpus proceeding. (See, e.g., *In re Smith* (1970) 3 Cal.3d 192, 200 [90 Cal.Rptr. 1, 474 P.2d 969].) ■ Accordingly, we find the present petition to be properly before this court and it is immaterial the ultimate issue sought to be reached might not, in and of itself, be cognizable in a habeas corpus proceeding.

### III. PETITIONER'S CLAIM OF INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

■ Petitioner contends he was denied the effective assistance of appellate counsel because his court-appointed appellate counsel was incompetent for failing to raise the issue of the trial court's failure to state reasons for imposing consecutive sentences which arguably might have resulted in a remand for resentencing. He asks this court to issue a writ vacating his sentence and remanding him to the trial court for resentencing, in effect requesting a determination of the issue on the merits.

■ The Fourteenth Amendment to the federal Constitution requires that an indigent accused be afforded the assistance of competent counsel on appeal. (See *Gilbert* v. *Sowders, supra,* 646 F.2d 1146; *Ross* v. *Moffitt, supra,* 417 U.S. 600; *Douglas* v. *California, supra,* 372 U.S. 353, 355 [9 L.Ed.2d 811, 813]; *Griffin* v. *Illinois, supra,* 351 U.S. 12; *People* v. *Barton, supra,* 21 Cal.3d 513, 518-519; *In re Banks, supra,* 4 Cal.3d 337, 342.) The duties which appointed appellate counsel must fulfill to meet his or her obligations as a competent advocate include the duty to "argue all issues that are arguable." (*People* v. *Feggans* (1967) 67 Cal.2d 444, 447 [62 Cal.Rptr. 419, 432 P.2d 21]; see also *People* v. *Wende, supra,* 25 Cal.3d 436; *People* v. *Barton, supra,* 21 Cal.3d at p. 519; *In re Smith, supra,* 3 Cal.3d at p. 197.) ■ A habeas petitioner need not establish that he was entitled to reversal in order to show prejudice in the denial of appellate counsel. (*People* v. *Rhoden* (1972) 6 Cal.3d 519, 524 [99 Cal.Rptr. 751, 492 P.2d 1143]; *In re Smith, supra,* 3 Cal.3d at p. 202.) ■ In the context of the facts of those cases, in *Smith* and *Rhoden, supra,* our Supreme Court held the inexcusable failure of defendant's appellate counsel to raise crucial assignments of error, which arguably might have resulted in a reversal, deprived the petitioner of the effective assistance of appellate counsel to which he was entitled under the Constitution. (*In re Smith, supra,* at pp. 202-203; *People* v. *Rhoden, supra,* at p. 529.) While these cases do not contain an exact definition of what is "crucial," *Smith* does refer to issues which are "potentially successful contentions on appeal." (*In re Smith, supra,* 3 Cal.3d at p. 203.)

■ The Courts of Appeal have given inconsistent interpretations to the meaning of an arguable issue on appeal which must be argued by competent counsel within the meaning of the *Smith* and *Rhoden* cases. The Court of Appeal in *People* v. *Scobie* (1973) 36 Cal.App.3d 97 [111 Cal.Rptr. 600] held that *Smith* and *Rhoden* had developed a new concept: the "arguable—but—unmeritorious" issue which had to be argued as a requirement of due process. This concept was rejected by the Court of Appeal in *People* v. *Johnson* (1981) 123 Cal.App.3d 106 [176 Cal.Rptr. 390], cert. den., 457 U.S. 1108 [73 L.Ed.2d 1318, 102 S.Ct. 2910], which held that an arguable issue on appeal consists of two elements. "First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*Id.*, at p. 109.) We find the *Johnson* interpretation more convincing and hold that for an issue to be an arguable issue on appeal it must be reasonably arguable that there is prejudicial error justifying reversal or modification of judgment. *Smith* made it clear that it is not the duty of appellate counsel to "contrive arguable issues." (*In re Smith, supra,* 3 Cal.3d at p. 198.) ■ With these guidelines in mind, we turn to the issue of whether appellate counsel in this case was incompetent for failing to raise the issue of the trial court's failure to state reasons for imposing consecutive terms.

■ The imposition of a consecutive sentence is a sentencing choice requiring the trial court to state reasons for its exercise of discretion. (*People* v. *Edwards* (1981) 117 Cal.App.3d 436, 450 [172 Cal.Rptr. 652]; *People* v. *Walker* (1978) 83 Cal.App.3d 619, 622 [148 Cal.Rptr. 66]; Pen. Code, § 1170, ▮▮▮-(c); Cal. Rules of Court, rule 443.) The reasons for imposing consecutive terms must be expressly stated. (*People* v. *Edwards, supra,* 117 Cal.App.3d at p. 449; *People* v. *Walker, supra,* 83 Cal.App.3d at p. 622.) Such a statement facilitates appellate review of that exercise of discretion, assists in achieving uniformity of sentence, and insures that no fact has been twice used to enhance punishment. (*People* v. *Masten* (1982) 137 Cal.App.3d 579, 593 [187 Cal.Rptr. 515]; see also *People* v. *Edwards, supra,* 117 Cal.App.3d at p. 449; *People* v. *Walker, supra,* 83 Cal.App.3d at p. 622.) The Judicial Council has provided guidelines for the choice of consecutive or concurrent sentences in furtherance of these purposes. (Cal. Rules of Court, rules 421, 423 and 425.)

■ Here, the issue of whether a consecutive sentence should be imposed was argued by both parties. The salient portions of the record reflect the following pronouncement by the trial court: "These factors in—I know we're on the record, but I think it is gotten [*sic*] rather ridiculous, the way

we sentence people nowadays. We have to explain on the record why we run something consecutive. We have to pretend we see factors in aggravation. They have a list that may or may not apply. I have seen two probation reports written by two different officers each on different facts, each coming with different conclusions as to which aggravation or mitigation might be applicable. The law doesn't require that I find the factors enumerated as the only factors in aggravation, but I'm really not impressed as much by the list of factors in aggravation and mitigation as I am with the realities of the situation.

"I don't really want to take your life away from you, Mr. Spears. I wish there were some way to allow you to utilize constructively some period of your life. So far, you haven't been able to do that for one reason or another. I don't want to put you away forever, but I don't want you out in ten years where you are going to still be a young man and having done nothing constructive in custody, so far, except join the group in trying to be a big stud over there. Of course, nobody can do these things for you, except yourself. Perhaps our system is inadequate to rehabilitate people, but I have to consider the welfare of the people on the outside, too.

"The fact that you may be a gentle-hearted person may be true, but you have not manifested it so far. You threaten people and sawed-off shotguns are in use. I find there are factors in aggravation, and I also find there are factors in mitigation.

"Is there any legal cause why judgment should not now be pronounced?

"[DEFENSE COUNSEL]: No legal cause, your honor."

The trial court then imposed a six year sentence to run consecutive to the principal term of seven years to life. That decision significantly increased the period of time petitioner might serve before even becoming eligible for parole. Yet, despite the significance of the choice, the court did not state any specific permissible reasons why it chose to impose such a severe sentence. Instead, the record indicates the court intentionally ignored the requirement that it expressly state its reasons for imposing consecutive sentences. Furthermore, the court's comments suggest that a consideration which weighed heavily in its decision to impose consecutive terms was the fact that it did not want the defendant to return to society as a young man after being in prison custody for ten years during which time he may have done nothing constructive. We find the rationale that, if a defendant is going to necessarily serve a significant amount of time in prison as a result of one charge, he should be kept in prison until he is no longer a young man because of the possible adverse effects prison life might have on him, not

reasonably related to the sentencing decision being made and, therefore, an impermissible basis for imposing consecutive sentences. (See rule 408, Cal. Rules of Court.)

Although the trial court did not explicitly state what factors it was relying on to impose consecutive sentences, it did explicitly find that there were both aggravating and mitigating factors. Without some idea of the substance of those factors it relied on, this court cannot determine whether discretion was properly exercised.[2]

Whatever aggravating factors were urged by the prosecutor were objected to by defense counsel.[3] Matters in aggravation touched upon in the oral proceedings included petitioner's apparent participation in a jail disturbance, his flight from arrest, a non-specific reference to prior criminal activity, and the fact that multiple crimes had been committed. However, it cannot be determined from the record which, if any, of these factors influenced the court's decision.

Furthermore, the trial court expressly recognized that petitioner committed the robberies of which he was convicted as a means of both supporting his infant child and to feed his heroin addiction. ▋ Under the precise terms of the Judicial Council rules, an offense committed out of a desire to provide necessities for family is a mitigating factor. (Cal. Rules of Court, rule 423(a)(8).) Similarly, heroin addiction is a disease affecting its victim's volitional capabilities, and is also recognized as a mitigating factor. (Cal. Rules of Court, rule 423(b)(2); see *People* v. *Simpson* (1979) 90 Cal.App.3d 919 [154 Cal.Rptr. 249]; *People* v. *Regalado* (1980) 108 Cal.App.3d 531 [166 Cal.Rptr. 614].) The court also viewed petitioner's youth as a potential mitigating factor.[4]

---

[2]Petitioner does not contend that the consecutive sentence was not available to the court. He acknowledges the separate nature of the offenses was in itself a factor that might justify such a sentence under rule 425. But, petitioner argues, the court did not rely on that factor, or if it did, it cannot be so determined with any confidence.

[3]At the sentencing hearing, the court preliminarily stated that it had read the probation report as well as the factors in mitigation and those in aggravation filed respectively by defense counsel and the prosecutor. Following defense counsel's objection, the prosecutor admitted that some of the factors it alleged might not be applicable.

[4]The court's recognition of these factors is indicated in the following comments:

"THE COURT: What we have . . . is a man that's—he's now a man of 26. He seems like a youngster to us. He was a criminal when he was a kid, and he's a criminal when he's an adult. The only constructive thing he can say is that he's got a baby and then he complains that the welfare doesn't pay his girl friend enough to take care of the baby so he goes out and robs to help take care of the baby, which is not a very adult, mature way of looking at things, and he has a $200 a day heroin habit, and he's feeding that, too. It's sad. He looks like a nice boy, but so many of these young people look like nice boys, but all he's demonstrated so far is criminality."

 Where a trial court has failed to state reasons for imposition of a consecutive sentence, and particularly when the record reflects the existence of mitigating factors which could have caused the choice of concurrency, a number of courts have found it appropriate to order a remand for resentencing. (See, e.g., *People* v. *Masten, supra,* 137 Cal.App.3d 579, 593; *People* v. *Peters* (1982) 128 Cal.App.3d 75 [180 Cal.Rptr. 76]; *People* v. *Lutes* (1981) 117 Cal.App.3d 830 [173 Cal.Rptr. 300]; *People* v. *Whitehouse* (1980) 112 Cal.App.3d 479 [169 Cal.Rptr. 199]; *People* v. *Burke* (1980) 102 Cal.App.3d 932 [163 Cal.Rptr. 4]; *People* v. *Anjell* (1979) 100 Cal.App.3d 189 [160 Cal.Rptr. 669]; *People* v. *Walker, supra,* 83 Cal.App.3d 619.)

 Where, as here, the court's comments at the time of imposing consecutive sentences also indicate its arguable reliance on an impermissible factor as determinative in its choice, we find the argument in favor of a remand even more compelling.

Accordingly, we find that it was reasonably arguable the trial court in this case erred in failing to state adequate reasons for imposing consecutive sentences, and, further, that this error justified a remand for resentencing.

Finally, since counsel for both petitioner and respondent have briefed and argued the merits of the appeal before this court, conservation of scarce judicial resources warrants our passing upon the merits of the appeal in accordance with Penal Code section 1484. For those reasons stated above, we find the trial court did err in failing to state adequate reasons for imposing consecutive sentences and that error justifies a remand for resentencing.

Accordingly, we remand this case to the trial court for resentencing.

Sonenshine, J., and Crosby, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied August 30, 1984.