## Mullins, et al. v. Miller Brothers Company, et al.

## Miller Brothers Company v. Elkhorn Graded School District, et al.

(Decided May 11, 1923.)

### Appeals from Pike Circuit Court.

1.  Schools and School Districts—Taxpayers can Intervene to Defend Against Enforcement of Invalid Debt.—Property owners and taxpayers in an alleged district are entitled to intervene in an action to enforce a claimed debt against the district, to which the trustees of the district were interposing no defense.

2.  Schools and School Districts—Order for Election Entered Same Day Petition was Filed is Void.—Ky. Stats., section 4464, directing that an order calling an election for the establishment of the school district and for the voting of tax shall be made at the next regular term of the court, after the county judge receives the petition, is mandatory, and an order calling the election which was entered on the same day the petition was filed is void and the election thereunder is also void.

3.  Motions—Written Memorandum is Essential to Entry of Order Nunc Pro Tunc.—An order nunc pro tunc may not be made from mere memory of the presiding judge or upon parol testimony only, but there must be some entry, memorandum, or other fact appearing in the record or among the papers of the case showing that the order was actually made or rendered but by some oversight not duly entered or recorded.

4.  Motions—Entry of Nunc Pro Tunc Orders Based Only on Recital Therein of Actual Entry of Orders is Void.—Where there were no minutes of the clerk or other memoranda to show an order was made by the county court with reference to the establishment of a school district or the election to be held therein on the first day of the next term after the judge received the petition, and the recital in the nunc pro tunc orders that such orders were made on that day was based only upon the memory of the county judge, orders entered after the election was held, nunc pro tunc as of the first day of the term, were insufficient to validate the election,

5.  Parties—Amended Petition Seeking Relief Against School Trustees Individually held Departure from Petition Against District.— Where the original petition sought recovery against a school district for materials furnished under a contract, an amended peti-

tion, alleging that the property was received by the trustees of the district as individuals, who had sold it to other persons and appropriated the proceeds to their individual use, and praying judgment against the trustees individually, was a radical departure from the original petition, and therefore properly rejected, especially where plaintiff had previously received all the relief the original petition claimed from the school district.

STRATTON & STEPHENSON for Mullins and others.

R. H. COOPER for Miller Bros. Co.

J. E. CHILDERS for Elkhorn Graded School District and others.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing the judgment in the first case in the caption and affirming the judgment in the second one.

Appellant, Miller Brothers Company, a corporation, as plaintiff below filed the first case in the caption against the Elkhorn City graded school district and its trustees seeking the recovery of a judgment against the district on a promissory note alleged to have been executed by it for $3,346.43, and for the further sum of $623.25 for material furnished the district at its special instance and request, as alleged in the petition, and to enforce a lien on bonds of the district aggregating $4,500.00 which it is averred were pledged to plaintiff as collateral security for the debts sued on. At the appearance term of the court neither the district nor any of its trustees made defense and an order was entered taking the allegations of the petition as confessed. Shortly thereafter and at the same term of court appellants in the first case, G. W. Mullins, et al., tendered and filed their intervening petition in which they alleged that they were citizens and taxpayers within the alleged school district and that defendants were and had been assuming to act as a duly constituted graded school district and in that assumed capacity had contracted the debts sued for when in truth and in fact the district had not been legally organized and, in substance, pleaded that the recovery of a judgment against the alleged district would cast a cloud upon the property within its bounds subject to taxation for its payment, and the petitioners representing themselves and all other taxpayers of the district sought to prevent such recovery. Plaintiff, Miller Brothers Company, demurred to the intervening petition, which the court sustained and dismissed it. The peti-

tioners declined to amend and a judgment was rendered in accordance with the prayer in plaintiff's petition, from which judgment appellants prosecute the first appeal.

The judgment in the first case was rendered on March 31, 1921. Between that date and May 25, 1921, which was the first succeeding term after the rendering of the judgment, the master commissioner endeavored to carry out the order directing him to sell the collateral security and he reported that he received no bids for any of the bonds when offered by him at the directed sale. On the same day plaintiff, Miller Brothers Company, filed its amended petition in which it alleged the recovery of the judgment in its favor against the district and the futile effort on the part of the commissioner to sell the collateral security, and further alleged that it sold the property and material to the individual trustees of the district "for said Elkhorn City graded school at their special instance and request, and that they received all of the goods, wares and merchandise for which the note sued on herein for $3,346.43 was executed, and also the account for $623.25," and that the property sold was delivered by it and received by the trustees in Elkhorn City, and that the trustees as individuals sold and delivered all of it to other persons and appropriated the proceeds to their individual use, and prayed for a judgment against each of them individually for the aggregate amount of the debts. On the next day the order filing that amendment and the judgment rendered thereon was set aside at the instance of the trustees and on the 12th day of September, being the next term of court, the objection of the trustees to its being filed was overruled and it was filed. The defendants therein then entered motion to strike it from the files upon certain grounds, among which was that it departed from the original petition. That motion was sustained and it was stricken from the record with leave on the part of plaintiff to amend and which it declined to do, followed by a judgment reciting "said amended petition is dismissed, to all of which plaintiff objects and excepts and prays an appeal to the Court of Appeals, which is granted." The second appeal calls in question the propriety of that judgment. The two appeals have been consolidated in this court and they will be heard together and disposed of in one opinion.

The first question presented (although not argued) on the first appeal is the right of the interveners (taxpayers in the alleged district) to come into the case for the purpose of preventing the recovery of a judgment against the Elkhorn graded school district in which they were property owners and taxpayers. We are cited to no authority either for or against such right, but we are unable to detect any valid objection thereto. It is true the action did not seek to recover any money or assert any lien in the form of taxes against any of the interveners or their property, but the judgment might be interpreted as an adjudication of the valid organization of the district and as estopping the taxpayers therein from subsequently litigating that question. But, whether so or not, it has been uniformly held by this court that a taxpayer in a municipality or taxing district could enjoin the issuing of bonds of the district or the creation of a debt by it in all instances wherein the issuing of the bonds or the creation of the debt was illegally attempted. In such cases the right of the taxpayer to prevent the creation of the debt by the acting authorities for the district has never been disputed although no effort was made in such proceedings to collect any sum in the form of taxes or otherwise from the taxpayer. If the district itself and those representing it (the trustees) decline to contest the validity of the asserted indebtedness, whatever may be the grounds therefor, we see no reason why the taxpayers composing the district might not do so.

That being true, the next question is did the intervening petition allege facts sufficient to show the invalidity of the organization of the graded school district. It alleged and filed certified supporting exhibits showing that the petition for the organization of the graded school district, as required by section 4464 of the statutes to be filed as a prerequisite to its formation, was filed before the county judge of Pike county on December 22, 1919, and on that same day an order was entered describing the district and directing that an election be held therein for the purpose of voting the requisite tax and an election of trustees on February 14, 1920, on which latter date the election was held, after due advertisement, and the proposition to organize the district and to vote the tax carried by the requisite majority of the votes cast and at the same time trustees for the district were elected. The section of the statute referred to directs that the order describing the district and calling the elec-

tion for its establishment and for the voting of the tax, as well as for the voting of trustees, shall be made "at the next regular term of his court after he (the county judge) receives said petition," and it was held by this court in the cases of Doores v. Varnon, 94 Ky. 507; Webb v. Smith, 99 Ky. 11; Tate v. Board, 20 Ky. L. R. 1370; Trustees v. McCarty, 24 Ky. L. R. 164, and numerous others following them, that the provisions of the statute requiring the order calling the election to be made at the next or succeeding term of court after filing the petition was mandatory, and that an election held under an order made at the time the petition was filed was void and that an election held under such invalid order was ineffectual for any purpose. The county judge of Pike county after, no doubt, becoming aware of those opinions, and on April 15, 1920, which was after the holding of the election, attempted to enter on his order book a number of alleged *nunc pro tunc* orders as of January 5, 1920, wherein it was recited that the order describing the district and calling the election for the voting of the tax and election of trustees was made on the latter date instead of on December 22, 1919, but (as *nunc pro tunc* orders recited) by oversight such orders were not entered on the order book on the day they were made as recited in the *nunc pro tunc* orders. Other necessary orders to the valid creation of the district were attempted to be entered *nunc pro tunc* on the same day.

The practice with reference to the entry of *nunc pro tunc* orders is that they may not be made from mere memory of the presiding judge of the court or based upon parol testimony only. There must be some entry, memorandum or other fact appearing in the record or among the papers of the case showing that the order or judgment was actually made or rendered but by some oversight of the clerk or other person it was not duly and properly entered or recorded. In that case it is competent within certain limitations to correct the oversight by a *nunc pro tunc* order, but without the appearance of some such evidenciary fact a *nunc pro tunc* order can not be sustained, since there is no valid ground upon which to base it. Rawls v. Sharp, 140 Ky. 744; Kendrick v. Williams, 157 Ky. 767; Boyd County v. Ross, 95 Ky. 167; Monarch v. Brey, 21 Ky. L. R. 279; Collier v. Commonwealth, 110 Ky. 516, and a number of other cases found therein and in Caldwell's Kentucky Judicial Dictionary, vol. II, pages 2356-9, inclusive. No evidence

in the form of minutes of the clerk or other memoranda appear in this case to show that any order was made by the Pike county court with reference to the establishment of the graded school district or the election to be held therein on January 5, 1920, or any other day except on December 22, 1919, when the petition was filed; and the recitation in the *nunc pro tunc* orders that orders were made on the days referred to is unsupported by any legal evidence and is based only, so far as the record shows, upon the memory of the county judge. He, therefore, had no right or jurisdiction to enter the *nunc pro tunc* orders, and under the facts appearing they were each illegal and void. That being true, the only record we have concerning the matter was the one made on the day the petition was filed which, under the cases, *supra,* was itself null and void, and as a necessary consequence the district was never legally established. The court, therefore, erroneously sustained the demurrer to the intervening petition.

In regard to the second appeal, but little need be said. The relief sought by the amended petition of Miller Brothers Company was not only a radical departure from the relief sought in its original petition and for that reason should have been rejected, but it was offered after the entire relief sought by the petition was obtained. Whether the trustees under the facts therein alleged would be personally liable to plaintiff in an independent action is a question not presented and which we do not determine; but, that the court properly ruled in dismissing the amended petition, or striking it, we entertain no doubt.

Wherefore the judgment in the first appeal is reversed with directions to set it aside and to overrule the demurrer to the intervening petition of appellants in that case, and the judgment in the second appeal is affirmed.