Earle V. POWELL, Commissioner, Appellant,

v.

Verna BLEVINS, Appellee.

Court of Appeals of Kentucky.

Feb. 15, 1963.

Paul E. Tierney, Forest Smith, Dept. of Economic Security, for appellant.

J. L. Lewis, Paintsville, for appellee.

PALMORE, Judge.

This case is before us on the appellee's motion to dismiss the appeal because the record was not filed with this court within 60 days from the date the notice of appeal was filed, nor was an order for extension made before expiration of that period. CR 73.08.

The 60-day period following the notice of appeal ended on October 15, 1962. Meanwhile, the circuit court clerk had informed counsel for appellant that the record could not be prepared in time, and on October 8 counsel had prepared and mailed to the clerk an order extending the time, with instructions to have it signed within the original 60-day limit (as required by CR 73.08). Whether this tendered order was placed in the hands of the circuit judge on or before October 15 is not disclosed by the papers before us, but it is clear on the record that the signed order was filed with the circuit clerk on October 20, five days too late. Thereafter, on October 30, the following "Nunc Pro Tunc Order" was entered by the circuit court:

"A timely request having been filed for extension of time for the filing of the record on the appeal of the above styled case and this court having considered same and ordered the extension of time as requested and ordered same filed, and the date of the order was inadvertently entered by the Court as October 20, 1962, when in fact it should have been and was intended to have been dated as of October 10, 1962, and it is now ordered by the court that said order of extension of time for filing of the record herein shall be noted of record and treated as having been dated October 10, 1962; to which ruling of the court both parties except."

CR 73.08 does not authorize the circuit court to extend the time for filing the record on appeal unless *"its order for extension is made before the expiration of the period for filing as originally prescribed*

*or as extended by a previous order,"* etc. (Emphasis added.) This requirement is mandatory. Cf. Clay, Kentucky Civil Rules, CR 73.08, Comments 3 and 5; Commonwealth v. Black, Ky.1959, 329 S.W.2d 192, 193.

An order becomes effective when it is entered by the circuit clerk in the manner directed by CR 58. Regardless of when it may have been signed or how it may be "dated," it cannot be an order before it reaches the clerk. Therefore, in this case there was no order of extension "made before the expiration of the period for filing."

It is contended, however, that the circuit court had the power to correct the oversight nunc pro tunc pursuant to CR 75.08, which provides that an erroneous or incomplete record may be corrected and "made to conform to the truth." But what is the truth in this case? That a signed order was timely filed with the circuit clerk and should have been, but for some reason was not, noted of record by the clerk? No. The truth (as we understand the record) is that somebody—judge, clerk, or counsel, one or all, but we do not know which—neglected to see that the order had been signed and returned to the clerk on or before October 15, 1962. In short, the truth is that the order was not timely and the appellant is out of court.

The rules provide for the correction of clerical errors, but the omission to have an order signed and delivered to the clerk was not a clerical error. Cf. Maslow Cooperage Corp. v. Jones, Ky.1958, 316 S.W. 2d 860.

A circuit court has inherent power to enter orders nunc pro tunc, but such an order cannot do more than supply a record of something that was actually done at the time to which it is retroactive. Munsey v. Munsey, Ky.1957, 303 S.W.2d 257, 259. In fact, the general rule is that it must tie back to some tangible record made at the time. Mullins v. Miller Bros. Co., 1923, 199 Ky. 139, 250 S.W. 815. In

no event can it be made to reflect something that did not happen. If a court has omitted to make an order it might or should have made, the omission cannot be covered nunc pro tunc. 37 Am.Jur. 514 (Motions, Rules, and Orders, § 30). See also Mohrmann v. Kob, 1943, 291 N.Y. 181, 51 N.E.2d 921, 149 A.L.R. 1274, and Mattfeld v. Nester, 1948, 226 Minn. 106, 32 N.W.2d 291, 3 A.L.R.2d 909, 922.

We have taken occasion to write an opinion in this instance in order to clarify any misunderstanding that may and evidently does exist with respect to signing or dating an order "as of" a time different from the day on which the signed document actually is lodged with the clerk for the "forthwith" notation directed by CR 58.

The appeal is dismissed.