**Sue Hoke MURRELL et al., Appellants,**

**v.**

**CITY OF HURSTBOURNE ACRES, Appellee.**

Court of Appeals of Kentucky.

March 25, 1966.

Woolsey M. Caye, Louisville, for appellants.

John Firth Stewart, Louisville, for appellee.

DAVIS, Commissioner.

The appellants own land adjacent to the sixth-class City of Hurstbourne Acres in Jefferson County. The city, appellee here, enacted an ordinance proposing to annex the land of appellants into the city, pursuant to KRS 81.240. The ordinance was identified as Ordinance No. 12, Series 1964. Appellants timely filed a remonstrance suit as provided in KRS 81.110, 81.240. By an amended complaint, appellants named the Jefferson Fiscal Court as a party to the suit, and alleged that the ordinance proposing annexation was void for the city's failure to furnish a copy of the proposed ordinance to the Jefferson Fiscal Court as required by KRS 81.290(1).

The appellee city filed answer to the amended complaint, admitting that it had not furnished a copy of Ordinance No. 12, Series 1964, to the fiscal court until after the ordinance had been adopted. Thereupon appellants moved for summary judgment, and with the motion tendered a paper entitled "Order," in which it was recited, in

part: "* * * the plaintiffs are entitled to judgment as a matter of law, judgment is hereby rendered in favor of plaintiffs declaring the ordinance referred to in the complaint as being null and void and of no force and legal effect, and plaintiffs are given judgment against the defendant for their costs herein expended." At the foot of this paper was a prepared line for the expected signature of the trial judge, but the document was never signed by the trial judge.

On February 5, 1965, the trial judge rendered a written opinion in which he reviewed the factual background, and which was concluded in these words:

> "While the Court is always reluctant to decide a case upon a technicality, it would appear that the merits would not be reached because of the failure of the Defendant to comply with the plain terms of KRS 81.290. Plaintiffs' Motion for Summary Judgment is hereby sustained and Defendant's Motion for Judgment on the pleadings is overruled."

There was no order or judgment entered to implement the trial judge's opinion. While the record was in that posture, the appellee city's board of trustees passed an ordinance repealing its Ordinance No. 12, 1964 Series, on February 16, 1964. Publication of the repealing ordinance was accomplished on February 19, 1964, and on that same date the appellee city moved the trial court to dismiss the remonstrance suit because it had been rendered moot by reason of the repeal of Ordinance No. 12, 1964 Series.

On March 5, 1965, the trial judge rendered another written opinion, in which he expressed the view that the city's motion to dismiss the case as moot was well taken; on that same date an appropriate order was entered dismissing the remonstrance action as a moot case. It is to set aside that order that this appeal is directed.

The appellants assert that the opinion of the trial court rendered February 5, 1965, constituted a judgment declaring Ordinance No. 12, Series 1964, null and void. From this premise it is contended by appellants that the trial court had jurisdiction to sign the summary judgment *nunc pro tunc,* and that is was reversible error for the court to dismiss the action.

Assuming, without so deciding, that the signed opinion was a judgment, it was never entered in the circuit court. CR 54.01 defines a judgment as "* * * a written order of a court adjudicating a claim or claims in an action or proceeding." CR 58 provides that the circuit court clerk "* * * forthwith upon receipt of the signed judgment or order shall note it in the civil docket as provided by Rule 79.01. The notation shall constitute the entry of the judgment or order and such judgment or order shall become effective as of the date of such notation. The additional notation required by Rule 77.04(2) shall govern the running of time for appeal." See Clay, CR 58, Author's Comment 3, in which it is said, in part:

> "Under this Rule, in circuit courts *the original order or judgment must be signed by the judge.* It may not be entered by the circuit clerk until it is signed. The signing, however, is not the act that makes the judgment or order effective. The *notation by the clerk* in the 'Civil Docket', kept as provided in Rule 79.01, is the final step which constitutes the *entry* of the order or judgment. Thus every order or judgment, to become effective, must be: (1) signed by the judge, and (2) noted in the Civil Docket by the clerk. The notation constitutes the *entry,* and the order or judgment *becomes effective as of the date of such notation."* (Author's emphasis)

It is clear, we think, that no judgment had been entered when appellee made its motion to dismiss the case as moot. Since no judgment had been entered, the circuit court retained jurisdiction to act in the case. Perhaps appellants may have been entitled to have judgment entered *nunc pro*

*tunc,* (a question we do not reach) but there is no showing in the record before us that a motion for judgment *nunc pro tunc* was made. We think it is patent that the trial judge's retention of power to act in the case included his power to change his mind—or to formulate a different opinion about its disposition. In the circumstances of record before us, there is no showing of reversible error in the court's dismissing of the remonstrance action.

The judgment is affirmed.