**Kenneth Lee BENOIT, Petitioner-Appellant,**

v.

**John Will WINGO, Warden Kentucky State Penitentiary, Respondent-Appellee.**

**No. 19886.**

United States Court of Appeals, Sixth Circuit.

April 3, 1970.

---

Kenneth Lee Benoit, in pro. per.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Commonwealth of Kentucky, Frankfort, Ky., for appellee on brief.

Before McCREE and COMBS, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

This is an appeal by Kenneth Lee Benoit, petitioner-appellant, from an order of the United States District Court for the Western District of Kentucky dismissing his petition for a writ of habeas corpus. Benoit was tried before a jury on a charge of armed robbery in the Jefferson County, Kentucky, Circuit Court. The jury returned a verdict of guilty and fixed the punishment at life imprisonment. He was sentenced accordingly by the trial judge on October 23, 1964, which sentence he is now serving in a Kentucky state prison.

The substance of appellant's claim on this appeal is that he was denied effective assistance of counsel on an appeal from the trial court to the Court of Appeals of Kentucky. Following the conviction and sentence the appellant's court-appointed counsel filed a timely notice of appeal and secured an extension of time for the perfection of the appeal. Finally, he wrote the appellant a letter, as follows:

"Dear Mr. Benoit:     March 2, 1965

After doing a great deal of research on your case I have come to the conclusion that on appeal we would be wasting our time.

So, therefore, I think it best that I do not proceed with appeal.

I have filed a notice of appeal with the court. Further I have gotten a exten-

sion for you. If you want to appeal your own case it will be best for you now to get a extension from the court of appeals.

Further you will have to draw up a record indicating your a pauper and ask for a transcript of the record. However, to keep your appeal going you will in the next week or so have to file a motion with the court of appeals asking for a extension.

If I were of the opinion we had any chance whatsoever on appeal I would continue, but it will be a waste of time. I would rather spend this time on something more meretorious.

I'm sorry I have to do this however, I believe I have no other choice.

Sincerely yours:

Stuart Lyon"

This letter reached the appellant while he was confined in the penitentiary at a time when the time for perfecting the appeal had either expired or was so near to expiration that the appellant couldn't have been expected, on his own, to have processed the appeal. Counsel did not seek leave either of the trial judge or of his client to withdraw from the case. A notice of appeal had been filed in the trial court as a matter of record on October 30, 1964, and signed by the trial judge. An extension of time was granted by the trial judge on December 21, 1964.

Subsequently, the appellant filed pro se a petition in the Circuit Court under Kentucky Criminal Rule No. 11.42, to vacate the judgment and conviction. This was denied by the trial judge and the appellant appealed to the Kentucky Court of Appeals. The Court of Appeals affirmed the judgment of the Circuit Court on the ground that the appellant's motion did not show that he had requested his court-appointed counsel to proceed with an appeal. Benoit v. Commonwealth, Ky., 402 S.W.2d 706, cert. den. 385 U.S. 870, 87 S.Ct. 138, 17 L.Ed.2d 97.

In his petition to the District Court, the appellant alleged that he had requested his counsel to appeal his conviction. The district judge dismissed the petition for the reason that with an allegation that he had requested an appeal he would be entitled to relief under RCr 11.42 and that he therefore had not exhausted his state remedies. (Sec. 2254, Title 28, U.S. C.) The Kentucky Court of Appeals had decided that an indigent defendant, upon request, was entitled to an appeal of his conviction with the aid of counsel and if it had been denied him such a review must be provided or the conviction vacated. Hammershoy v. Commonwealth, Ky., 398 S.W.2d 883.

■ It is no longer open to question that an indigent defendant has a constitutional right under the Fourteenth Amendment to a review of his case on appeal as a matter of right if the same right is extended to non indigents. Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891; Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892; Burns v. Ohio, 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209; Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39; Eskridge v. Washington Prison Board, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269; United States ex rel. Diblin v. Follette, 418 F.2d 408 (C.A.2). The indigent is entitled to have counsel to assist him in his appeal, Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 2d 811; Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33; Schwander v. United States, 386 F.2d 20, 24–25 (C. A.5); United States ex rel. Smith v. Mc-Mann, 417 F.2d 648 (C.A.2); Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.

■ Whatever obligation there was on the appellant to request an appeal, the request would have been appropriately made after the conviction and within time to perfect an appeal. We think it is of no consequence under the facts of this case whether a request for an appeal was made. The process of an appeal was timely begun. If it was started as a result of the appellant's request he fulfilled his obligation to make a request. If it were started voluntarily by counsel there would have been no need to make a request. It was a matter of record that

a notice of appeal had been filed and that an extension of time had been granted. The appellant had a right to rest with the assurance that his appeal was being processed.

 The question here is, an appeal having been begun, whether the appellant had the effective assistance of counsel to prosecute it. We conclude that he did not.

Counsel in his letter to the appellant, abandoning the appeal, wrote with such finality that it gave the appellant no opportunity to request him to continue with the appeal. Further, counsel did not leave the appeal in such status that the appellant being confined in prison and being unlearned in law could be expected to pick it up pro se and prosecute it to the conclusion. Neither did he have an opportunity to have the trial judge appoint new counsel to assist him in the prosecution of his appeal. The appellant was entitled not only to an appeal as a matter of right but he was entitled to have the assistance of counsel in processing that appeal.

 Court-appointed counsel should have sought leave of the trial judge to withdraw from the case and under such circumstances that there would be no prejudice to the appellant in continuing the appeal with newly appointed counsel. For the reasons herein expressed we conclude that the appellant did not have adequate and effective assistance of counsel in prosecuting his appeal. We do not question counsel's sincerity in informing his client that he concluded there was no merit to his appeal nor do we find that he intentionally and carelessly neglected his professional duty.

We conclude that on the record in the District Court the appellant was entitled to have a review of his trial and conviction as on original appeal or to be released. We remand the case to the District Court with instructions to give the State an opportunity to provide the appellant with a review of his conviction with the aid of counsel on direct appeal as adequate as if counsel had pursued the appeal in the first instance. If the appellant has not been afforded an opportunity to appeal within ninety days after this opinion becomes final the appellant shall be released.