COMMONWEALTH of Kentucky, DEPARTMENT OF TRANSPORTATION, BUREAU OF HIGHWAYS, Appellant,

v.

GREER BROTHERS AND YOUNG, INC., Appellee.

Court of Appeals of Kentucky.

March 4, 1977.

J. Michael Fleming, Dept. of Transp., Bureau of Highways, Frankfort, for appellant.

Rudy Yessin, Joseph J. Leary, Frankfort, for appellee.

Before PARK, WILHOIT and VANCE, JJ.

## OPINION AND ORDER

WILHOIT, Judge:

On August 13, 1976, appellant filed a notice of appeal and designation of record appealing from a summary judgment granted against it by the Franklin Circuit Court. On August 23, pursuant to CR 73.-08, appellant obtained a signed order of the circuit court extending the time for filing the record on appeal until December 10. For some reason appellant did not file this order with the circuit clerk until September 24, and then, through inadvertence, the deputy clerk with whom the order was filed did not note it in the civil docket. No notice of the filing of this order was ever sent to appellee.

After discovering that the order had not been noted in the docket by the clerk, appellant, on October 20, filed a motion requesting the trial court to enter an order nunc pro tunc requiring the clerk to note the August 23 order in the civil docket as of September 23, when it had been filed with the clerk. The court heard arguments and then advised the parties that it intended to deny the motion but would not do so until November 5 in order that appellant might apply to this Court for appropriate relief. On November 8, an order denying the motion was entered. No application for any relief was made to this Court during the interim between the hearing and entry of the trial court's order nor was that order appealed.

Meanwhile, on October 27 appellee filed a motion in this Court to dismiss the appeal because appellant had failed to file timely the record on appeal. This motion was granted and the matter is now before us on a motion to reconsider the dismissal of the appeal.

■ Because the August 23 order granting an extension of time in which to file the record on appeal was never noted in the civil docket, it was never entered and,

therefore, can be of no effect. CR 58; *Murrell v. City of Hurstbourne Acres*, Ky., 401 S.W.2d 60 (1966). The result necessarily must be that appellant failed to file timely the record on appeal. Thus this appeal should be dismissed.

Appellant, citing *Powell v. Blevins*, Ky., 365 S.W.2d 104 (1963), argues very persuasively that the trial court should have granted its motion for an order nunc pro tunc. While we do not know the trial court's reason for denying the motion, on the surface it appears such an order would have been warranted. *Munsey v. Munsey*, Ky., 303 S.W.2d 257 (1957). Nevertheless, the failure of the trial court to grant that motion is not properly before us.

The order of the trial court was a final appealable order since the motion for an order nunc pro tunc, in effect, initiated a new proceeding and the order terminated that proceeding. CR 54.01; *White v. Hardin County Board of Education*, Ky., 307 S.W.2d 754 (1957).

For the reasons stated above and the Court being sufficiently advised, it is hereby ORDERED that appellant's motion for reconsideration is denied and the order of December 3, 1976 dismissing the appeal is hereby confirmed.

ALL CONCUR.