**Darryl Lamont McKELDIN,**
**Petitioner–Appellee,**

v.

**Jim ROSE, Warden, Tennessee State Penitentiary and William M. Leech, Jr., Attorney General, State of Tennessee, Respondents–Appellants.**

No. 80–1198.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 12, 1980.
Decided Oct. 8, 1980.

William M. Leech, Jr., Atty. Gen., William P. Sizer, Asst. Atty. Gen., Nashville, Tenn., for respondents–appellants.

Jerry H. Summers, Chattanooga, Tenn. for petitioner–appellee.

Before LIVELY and JONES, Circuit Judges, and LAMBROS,* District Judge.

PER CURIAM.

The State of Tennessee appeals from a judgment of the district court granting habeas corpus relief to the petitioner McKeldin. The question in the case is whether the absence of counsel at a preliminary hearing on a felony charge requires automatic reversal, or whether this admitted denial of a constitutional right may be held harmless error. We conclude that the constitutional infringement disclosed in this case is subject to a harmless error analysis and, accordingly, reverse the judgment of the district court.

The petitioner was represented at the preliminary hearing by a court–appointed counsel who was subsequently discovered never to have been licensed to practice law. He was represented at trial, some eight months later, by a licensed attorney. Following his conviction of armed robbery, affirmed by the intermediate court of appeals, McKeldin appealed to the Supreme Court of Tennessee. On November 12, 1974 that court conditionally vacated the conviction and remanded to the trial court for determination of whether absence of an attorney at the preliminary hearing was harmless error. *McKeldin v. State*, 516 S.W.2d 82 (Tenn.1974). Following an evidentiary hearing, the trial court found that the absence of an attorney at the preliminary hearing constituted harmless error on the facts found. This decision was affirmed by the Court of Criminal Appeals of Tennessee, *McKeldin v. State*, 534 S.W.2d 131 (Tenn.Crim.App.1975), and certiorari was denied, first by the Tennessee Supreme Court and ultimately by the Supreme Court of the United States, *McKeldin v. Tennessee*, 425 U.S. 901, 96 S.Ct. 1490, 47 L.Ed.2d 751 (1976).

McKeldin next filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Tennessee. In that proceeding the State conceded that there had been a denial of effective assistance of counsel, but argued that the error was harmless beyond a reasonable doubt. On the basis of an "extensive record," the district court concluded that the Tennessee courts which had considered the issue had properly held that the error in McKeldin's case was harmless beyond a reasonable doubt. The district court further held that *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), precludes a finding that denial of effective assistance of counsel at a preliminary hearing is per se prejudicial where the state claims the error was harmless.

Following dismissal of his habeas corpus action in the Middle District of Tennessee, McKeldin filed the present habeas corpus action in the Eastern District of Tennessee. Though the basis of the claim for relief is the same here as in the Middle District, the judge of the Eastern District concluded that the second petition could be considered because it presented purely legal issues which had been addressed in authoritative decisions subsequent to the decision of the Middle District. On appeal the State does not question this exercise of the district court's discretion. See *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Rule 9(b), Rules Governing Section 2254 cases.

* The Honorable Thomas D. Lambros, Judge, United States District Court for the Northern District of Ohio, sitting by designation.

The district court in the present case found that a preliminary hearing is a critical stage in criminal proceedings under Tennessee law. This is not disputed by the State. The district court then went on to hold that denial of assistance of counsel at a preliminary hearing may never be treated as harmless error. This finding was based primarily on the following language in *Holloway v. Arkansas*, 435 U.S. 475, 489, 98 S.Ct. 1173, 1181, 55 L.Ed.2d 426 (1978):

> Moreover, this Court has concluded that the assistance of counsel is among those "constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error." *Chapman v. California, supra*, [386 U.S.], at 23, [87 S.Ct., at 827]. Accordingly, when a defendant is deprived of the presence and assistance of his attorney, either throughout the prosecution or during a critical stage in, at least, the prosecution of a capital offense, reversal is automatic. *Gideon v. Wainwright*, 372 U.S. 335 [83 S.Ct. 792, 9 L.Ed.2d 799] (1963); *Hamilton v. Alabama*, 368 U.S. 52 [82 S.Ct. 157, 7 L.Ed.2d 114] (1961); *White v. Maryland*, 373 U.S. 59 [83 S.Ct. 1050, 10 L.Ed.2d 193] (1963).

The district court also relied on *People v. Felder*, 47 N.Y.2d 287, 418 N.Y.S.2d 295, 391 N.E.2d 1274 (1979).

█ Neither *Holloway* nor *Felder* involved preliminary hearings. Both involved ineffective assistance of counsel at trial. It is established beyond question that denial of effective assistance of counsel at trial may never be treated as harmless error. However, the Supreme Court in *Coleman v. Alabama, supra*, provided specifically for a determination of whether denial of counsel at a preliminary hearing was harmless error. While recognizing that a preliminary hearing is a critical stage in Alabama criminal proceedings, the Court, through Mr. Justice Brennan, dealt with the proper relief for one denied counsel at a preliminary hearing as follows:

> But on the record it cannot be said whether or not petitioners were otherwise prejudiced by the absence of counsel at the preliminary hearing. That inquiry in

the first instance should more properly be made by the Alabama courts. The test to be applied is whether the denial of counsel at the preliminary hearing was harmless error under *Chapman v. California*, 386 U.S. 18 [87 S.Ct. 824, 17 L.Ed.2d 705] (1967). See *United States v. Wade, supra*, [388 U.S.], at 242, 87 S.Ct. at 1940. *Coleman v. Alabama, supra*, 399 U.S. at 10–11, 90 S.Ct. at 2004.

We do not believe the quotation from *Holloway* indicates a departure by the Supreme Court from the procedure prescribed in *Coleman*. In *Holloway* the Court was dealing with conflicting interests arising from joint representation of three codefendants by one appointed attorney. Relying on its earlier opinions, particularly *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), the Court concluded that prejudice is presumed and reversal automatic when a trial court requires joint representation over timely objection. In this context the Court stated that reversal is automatic when a defendant is deprived of the assistance of an attorney "either through the prosecution or during a critical stage in, *at least, the prosecution of a capital offense . . . .*" 435 U.S. at 489, 98 S.Ct. at 1181 (emphasis added). The above language was buttressed with citations to three capital cases: *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Hamilton v. Alabama*, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961); and *White v. Maryland*, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963).

*People v. Felder*, the New York case relied upon by the district court, resembles the present case in that the claim of ineffective assistance of counsel arose from the fact that the defendant was represented by one Silver, who was not a licensed attorney. However, that representation which led to reversal was at trial, not at a preliminary hearing. Thus, *People v. Felder* is distinguishable from the present case.

█ This court has held that lack of effective assistance of counsel both before and during trial is error which may not be treated as harmless. See *Beasley v. United States*, 491 F.2d 687, 696 (6th Cir. 1974);

*United States v. Goodwin*, 531 F.2d 347 (6th Cir. 1976). This is the standard of this Circuit in federal prosecutions. However, *Coleman v. Alabama* demonstrates it is not an absolute constitutional standard. Where the error occurs at a preliminary hearing in state proceedings and the state invokes harmless error as a reason for denying relief, a harmless error analysis is required.

█ The procedure prescribed by the Supreme Court in *Coleman v. Alabama*, has already taken place in the present case. Noting that the sole purpose of a preliminary hearing in Tennessee is to determine probable cause, not guilt, the Tennessee courts found that McKeldin was not prejudiced by the absence of a licensed attorney at his preliminary hearing. Independently, the United States District Court for the Middle District of Tennessee held, "The record reflects that petitioner was in no way prejudicially harmed by the error that occurred." It was error for the district court in the present case to grant the writ based on a holding that automatic reversal was required.

The judgment of the district court is reversed with directions to dismiss the petition for a writ of habeas corpus.