**Daniel Duane GILBERT, Petitioner-Appellee,**

v.

**Dewey SOWDERS, Superintendent, Kentucky State Penitentiary, Respondent-Appellant.**

No. 79-3597.

United States Court of Appeals, Sixth Circuit.

Argued April 4, 1980.

Decided April 2, 1981.

C. David Clauss, and Gerald Henry, Asst. Attys. Gen., Frankfort, Ky., for respondent-appellant.

David E. Murrell, Public Advocate, Kevin Michael McNally, Asst. Public Advocate, Frankfort, Ky. (Court-appointed), for petitioner-appellee.

Before EDWARDS, Chief Judge, and ENGEL and JONES, Circuit Judges.

PER CURIAM.

In this case Warden Sowders appeals from a District Judge's decision granting defendant Gilbert's petition for writ of habeas corpus after the District Court determined that he had been denied his constitutional right to effective assistance of counsel during the appeal of his Kentucky conviction for kidnapping.

This proceeding arises from a situation where retained counsel violated a highly technical procedural rule which resulted in Gilbert's case being dismissed.

Counsel had performed every requirement of the Kentucky appellate rules, except one. He had petitioned for an extension of 60 days for filing the record on appeal while there was time for the extension to be granted. The rules allowed such a 60-day extension. Actually, the extension had been granted by the order, but had not been entered by the clerk of court. Gilbert's counsel's[1] technical violation was that he failed to insure that the order was timely entered as is required by the Kentucky case law.

Kentucky has, of course, a right to enforce its own rules of procedure, including the unusual requirement that the lawyer see to it that the clerk performs his public obligation.

We cannot, however, avoid the conclusion that the failure of the Kentucky Supreme Court to grant appellant's counsel's motions for reconsideration of the dismissal of the appeal was arbitrary and capricious, and an abuse of due process of law, as protected by the United States Constitution. By these motions the Supreme Court had been fully advised as to the obviously sincere attempt to perfect an appeal and the miniscule nature of the defect. Appellant had been sentenced to sentences totaling 105 years. Kentucky's Constitution grants such a person a direct appeal to the Supreme Court of Kentucky. Ky.Const. § 110(2)(b).

The judgment of the District Court granting the writ is affirmed.

NATHANIEL R. JONES, Circuit Judge, concurring.

I concur in the judgment that Kentucky's incarceration of Daniel Duane Gilbert violates the United States Constitution. I write separately because I believe that the majority misconceives the issue presented by this case.

I.

Gilbert was convicted of attempted kidnapping, wanton endangerment in the first

---

1. Gilbert's counsel at this juncture was the attorney who had been retained for his trial and who undertook the Kentucky Supreme Court appeal without compensation. His counsel on this federal appeal is Kentucky's public defender.

degree, two counts of first-degree robbery, kidnapping, and first-degree rape. On December 2, 1976, he was sentenced to 105 years imprisonment. A notice of appeal was filed on December 10, 1976. Gilbert, an indigent, was appealing *in forma pauperis* with the volunteer assistance of trial counsel.

Kentucky's rules of procedure require that the record on appeal be filed within sixty days of the filing of the notice of appeal, unless the trial court by order extends the time an additional sixty days.[1] Though the clerk of the trial court and the court reporter actually prepare the transcript of record and of evidence[2], respectively, Gilbert's appellate counsel has the responsibility to file the record.[3] When it became obvious that the trial court clerk could not prepare and transmit the record to the appellate court by February 8, 1977, Gilbert's appellate counsel filed a motion

and order for an extension. This motion for an extension of time was filed on February 4, 1977, before the expiration of the initial sixty-day period as required by Rule CR 73.08. However, the order of the trial court granting the extension of time for filing the record on appeal was not timely docketed, even though lodged by counsel with the clerk.[4] On February 22, 1977, the trial court entered a *nunc pro tunc* order extending the deadline for filing the record. The record was filed on March 21, 1977.

On April 19, 1977, the state moved for dismissal of Gilbert's appeal because the trial court's order extending the filing deadline was void. Thus, the state argued that the record on appeal was untimely filed. The Kentucky Supreme Court dismissed Gilbert's appeal on May 18, 1977. A motion to reconsider was denied.

Gilbert filed a motion in the trial court to reinstate his appeal. On February 2, 1978,

---

1. "Rule CR 73.08 Filing Record on Appeal
    The record on appeal as provided for in Rules 75 and 76 shall be filed with the appellate court within 60 days after the date of filing the notice of appeal except that when more than one appeal is taken from the same judgment the trial court may prescribe the time for filing, which in no event shall be less than 60 days after the date of filing the first notice of appeal. In all cases the trial court in its discretion and with or without motion or notice may extend the time for filing the record on appeal, if its order for extension is made before the expiration of the period for filing as originally prescribed or as extended by a previous order, but the trial court shall not extend the time to a day more than 120 days after the date of filing the first notice of appeal. The appellate court in its discretion may upon proper motion and a showing of good cause extend the time for filing the record on appeal if the motion for extension is made before the expiration of the period for filing as originally prescribed or as extended by a previous order." (Effective July 1, 1976.)

2. "Rule 75.07 Record to be Prepared and Transmitted by Clerk
    (1) The clerk of the trial court shall prepare and certify the entire record on file in his office, other than depositions not read in evidence, in accordance with the requirements of RAP 1.110 to 1.120. Such original record shall include the designations or stipulations of the parties as to evidence and proceedings stenographically reported and any

statement by the appellant of the points on which he intends to rely. A certified copy of the civil docket assigned to the action may be provided in lieu of the original.
    (2) The transcript or parts thereof filed as provided in Rule 75.02 shall be certified by the clerk as a part of the record on appeal.
    (3) An original exhibit, when designated, shall be certified by the clerk as part of the record on appeal, but physical exhibits other than documents shall not be transmitted to the appellate court unless requested on its own motion or on the motion of any party.
    (4) The matter certified under the provisions of subsections (1), (2) and (3) of this Rule shall constitute the record on appeal and shall be transmitted by the clerk to the appellate court. It is the responsibility of the appellant to cause the record to be filed within the time specified."

3. "Rule 1.070 Perfecting Appeals
    (a) To perfect an appeal the appellant shall:
    (1) Cause the record on appeal to be filed." (Effective July 1, 1976.)

4. In Gilbert's appellate brief it is stated that counsel may have failed to have the order granting the extension signed by the Jefferson Circuit Court judge. However, the district court stated that Gilbert's counsel failed to ensure that the order was properly docketed by the clerk of courts. In my view, either fact denies Gilbert of his right of effective assistance of counsel.

his motion was granted. Gilbert refiled his notice of appeal and both sides thoroughly briefed the case. Again, the Kentucky Supreme Court dismissed the appeal and Gilbert's motion for reconsideration was denied.

Thereafter, Gilbert filed a petition for writ of habeas corpus in the Western District of Kentucky. He alleged that his appellate counsel's failure to comply with Kentucky's rules of appellate procedure, causing the dismissal of his appeal, violated his right to effective assistance of counsel. The district court granted the writ. Kentucky appeals.

## II.

Gilbert's appellate counsel's motion for an extension of time was timely filed. However, by February 8, 1977, the last day on which to receive an extension, an order granting such had not been docketed. Under Kentucky law, a court's order is effective only after it has been signed by the judge and noted in the docket by the clerk. *Commonwealth of Kentucky v. Greer Brothers and Young*, 548 S.W.2d 167 (Ky. App.1977); *Murrell v. City of Hurstbourne Acres*, 401 S.W.2d 60 (Ky.1966). Thus, appellate counsel's failure to ensure that the clerk performed his duty to docket the order granting the extension resulted in the dismissal of Gilbert's appeal. Gilbert's appeal was dismissed pursuant to Kentucky's rules of procedure.

The majority's opinion holds that "Kentucky has a right to enforce its own procedural rules." However, the majority's opinion also holds that it is "arbitrary and capricious" for the Kentucky Supreme Court to deny Gilbert's motion for reconsideration. In my view, the denial of Gilbert's motion to reconsider is "arbitrary and capricious" only if it "did not have a real and substantial relation to the ends sought to be attained." *Isaac v. Engle*, 646 F.2d 1129, (6th Cir. 1980) (en banc) (Jones, concurring). If, as stated by the majority, "Kentucky has a right to enforce its own procedural rules," thereby dismissing Gilbert's appeal, then Kentucky also

has a right to deny motions to reconsider the dismissal. The denial of the motion to reconsider makes final the dismissal. To label appellate counsel's failure to comply with Kentucky's rules of procedure as "miniscule" does not alter this conclusion. For these reasons, I would resolve this case as it was presented in the briefs and at oral argument.

## III.

It is well settled that Gilbert, an indigent, cannot be denied assistance of counsel on an appeal of right. *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1962). Thus, the questions to be decided are: (1) whether appellate counsel must render Gilbert *effective* assistance; and (2) whether counsel's failure to obtain an extension of time causing the dismissal of Gilbert's appeal is ineffective assistance of counsel.

A trial counsel's obligations are well established. The plain language of the Sixth Amendment requires that "[i]n all criminal prosecutions the accused shall enjoy the right ... to have assistance of counsel for his defence." This command of the Constitution has been interpreted to mean *effective* assistance of counsel. *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). *Effective* assistance of counsel during criminal prosecutions is also "within the intendment of the due process of law clause" of the Fourteenth Amendment, *Powell v. Alabama*, 287 U.S. 45, 66, 53 S.Ct. 55, 63, 77 L.Ed. 158 (1932); *Reece v. Georgia*, 350 U.S. 85, 89–90, 76 S.Ct. 167, 170–171, 100 L.Ed. 77 (1955). The reasons trial counsel must render *effective* assistance are not difficult to fathom. As aptly stated by Justice Rehnquist:

The purpose of the trial stage from the state's point of view is to convert a criminal defendant from a person presumed innocent to one found guilty beyond a reasonable doubt. To accomplish this purpose, the state employs a prosecuting attorney who presents evidence to the court, challenges any witnesses offered

by the defendant, argues rulings of the court and makes direct arguments to the court and jury seeking to persuade them of the defendant's guilt.

*Ross,* 417 U.S. at 610, 94 S.Ct. at 2444. The assistance of counsel required under the Sixth Amendment is "counsel reasonably likely to render and rendering reasonably effective assistance," *Beasley v. United States,* 491 F.2d 687, 689 (6th Cir. 1974). If a trial attorney improperly exercises his discretion, the assistance of counsel rendered is constitutionally defective. Thus, an attorney must investigate all apparently substantial defenses, advise his client properly on clear points of law, and develop strategy and tactics which lawyers of ordinary training and skill consider competent. *Id. See also, Michel v. Louisiana,* 350 U.S. 91, 101 n. 7, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1950). "Basic procedural errors are also considered in determining whether assistance of counsel has been constitutionally adequate." *Beasley,* 491 F.2d at 693. Most significantly, *Beasley* holds that trial counsel "*must* assert defenses in a proper and timely manner." *Id.* at 696 (emphasis added).

Both reason *and* precedent require that the right to *effective* counsel extend to appeals of right. Though "there are significant differences between the trial and appellate stages of a criminal proceeding," *Ross,* 417 U.S. at 610, 94 S.Ct. at 2444, appellate review has become an integral part of the system for finally adjudicating the guilt or innocence of a defendant. *Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956). In an appeal of right, the critical issue is "whether there has been a correct adjudication of guilt in every case." *Ross,* 417 U.S. at 615, 94 S.Ct. at 2446. Effective appellate counsel is necessary if appellate courts are to perform their assigned function. Therefore, the *Beasley* standard that counsel render reasonably effective assistance is applicable on appeals of right. *Benoit v. Wingo,* 423 F.2d 880, 883 (6th Cir. 1970); *See also, Anders v. California,* 386 U.S. 738, 745, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). To hold otherwise would undermine the well-recognized purpose to granting, albeit gratuitously, an appeal of right.

It is well settled in this Circuit that trial counsel's failure *to perfect* an appeal is a denial of due process. *Boyd v. Cowan,* 519 F.2d 182 (6th Cir. 1975); *Woodall v. Neil,* 444 F.2d 92 (6th Cir. 1971). Similarly, appellate counsel's failure to perform procedural duties necessary *to prosecute* an appeal is a denial of due process. *See, Benoit, supra.* Thus, appellate counsel's failure to obtain an extension of time to file a record on appeal denied Gilbert due process of law. Such a ruling will not have an unduly burdensome effect on the administration of state appellate courts. Private as well as professional disciplinary procedures are effective tools to police repetitive attorney misconduct. Nor does such a ruling provide appellants any incentive to encourage less than full compliance with procedural rules to perfect appeals. The writ of habeas corpus is granted only if the state appellate court decides not to hear the appeal.

The harmless error rule is not applicable where a denial of effective assistance of counsel is found. *Beasley,* 491 F.2d at 696. *Compare, McKeldin v. Rose,* 631 F.2d 458, No. 80–1198 (6th Cir. October 8, 1980) (per curiam). Consequently, the merits of Gilbert's state appeal of right need not be examined.

For the above stated reasons I concur in the judgment AFFIRMING the district court.