Keith E. LUCEY, Petitioner-Appellee,

v.

William SEABOLD, Superintendent,
Blackburn Correctional Complex,
Respondent-Appellant.

No. 79–3752.

United States Court of Appeals,
Sixth Circuit.

Argued April 4, 1980.

Decided April 2, 1981.

Rehearing Denied July 8, 1981.*

Robert F. Stephens, Atty. Gen., Gerald Henry, Asst. Atty. Gen., Frankfort, Ky., for respondent-appellant.

William M. Nixon, Richmond, Ky., William M. Radigan, Asst. Public Defender, Frankfort, Ky., for petitioner-appellee.

* JONES, J., dissenting.

Before EDWARDS, Chief Judge, ENGEL and NATHANIEL R. JONES, Circuit Judges.

PER CURIAM.

This is an appeal from the United States District Court for the Eastern District of Kentucky which entered a writ of habeas corpus on petition of appellee Lucey who claimed deprivation of his right to effective assistance of appellate counsel.

The facts in this case show that Lucey's retained counsel had perfected his appeal and had filed the necessary record and briefs but the Court of Appeals of Kentucky had dismissed his appeal because he had failed to follow the requirement of Kentucky Rule of Appellate Procedure 1.095(a)(1) which includes the requirement that the pleadings in the Court of Appeals must contain "[t]he same information as required in a statement of appeal in the Supreme Court pursuant to RAP 1.090."

There is no question, of course, but that the Court of Appeals has a perfect right to demand that such a document be prepared and filed. Two questions, however, might be considered as arising: 1) whether Lucey's lawyer had been guilty of ineffective assistance of counsel within our *Beasley v. United States*, 491 F.2d 687 (6th Cir. 1974), rule and 2) whether the case should be remanded to the District Court to take testimony on the question of whether, as claimed by appellee Lucey, the dismissal of his appeal violated equal protection since no such action had been taken on any other case under similar facts.

Study of this record convinces this court that this case should be remanded to determine the equal protection issue set forth immediately above.

This case is ordered remanded for such purpose with power to take any needed testimony.

NATHANIEL R. JONES, Circuit Judge, dissenting.

It is an important duty of counsel to ensure that his client has an opportunity to present his claims at an appeal of right.

Appellate counsel's failure to comply with Kentucky's Rule of Appellate Procedure 1.095(a)(1), causing the dismissal of the appeal without a consideration of the merits, is *ineffective* assistance of counsel violative of due process. *Gilbert v. Sowders,* 646 F.2d 1146 (6th Cir. 1981) (per curiam) (Jones, concurring). *See also Anders v. California,* 386 U.S. 738, 745, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967); *Benoit v. Wingo,* 423 F.2d 880, 883 (6th Cir. 1970). Consequently, I would affirm the judgment of the district court granting Seabold's petition for writ of habeas corpus.