**Keith E. LUCEY, Petitioner-Appellee,**

v.

**Paul KAVANAUGH, Supt., et al.,
Respondents-Appellants.**

No. 82–5596.

United States Court of Appeals,
Sixth Circuit.

Argued June 30, 1983.

Decided Jan. 12, 1984.

Certiorari Granted April 23, 1984.
See 104 S.Ct. 2149.

---

Steven L. Beshear, Atty. Gen., Gerald Henry, Asst. Atty. Gen., argued, Frankfort, Ky., for respondents-appellants.

William M. Radigan, Asst. Public Advocate, argued, Frankfort, Ky., William M. Nixon, Richmond, Ky., for petitioner-appellee.

Before EDWARDS and CONTIE, Circuit Judges, and SPIEGEL, District Judge.[*]

GEORGE CLIFTON EDWARDS, Jr., Circuit Judge.

In this appeal the State of Kentucky appeals an order entered by Chief Judge Bernard Moynahan of the Eastern District of Kentucky granting a petition for writ of habeas corpus to appellee Keith E. Lucey. The essential facts and issue at law are set forth effectively in the opinion entered after a remand to Judge Moynahan, which opinion reads, in part, as follows:

Petitioner, following his conviction in the Circuit Court of Madison County, Kentucky of the offenses of trafficking in a Schedule I Controlled Substance (LSD) and trafficking in a Schedule II Controlled Substance (cocaine), was sentenced to periods of confinement of five years and ten years, to be served concurrently. He sought to collaterally attack the legality of his confinement by the filing of a Petition for Writ of Habeas Corpus, claiming denial of his Constitutional right to the effective assistance of counsel on appeal. In a Judgment entered on November 6, 1979, this Court adopted the Magistrate's Report and Recommendation which stated that "the petitioner was denied the effective assistance of counsel on appeal when his retained attorney failed to file a Statement of Appeal, thereby resulting in the dismissal of the petitioner's appeal." The petitioner was granted a conditional Writ of Habeas Corpus.

Upon appeal, the United States Court of Appeals, 645 F.2d 547, for the Sixth Circuit rendered a decision on April 2, 1981 in which the petitioner's cause was remanded to this Court for the purpose of determining whether the dismissal of the petitioner's state appeal constituted a denial of equal protection of law.

In a subsequent hearing before this Court, counsel for both parties agreed an evidentiary hearing was unnecessary. A stipulation was filed wherein the parties stated that no equal protection issue exists in this action.

On March 19, 1982, the petitioner filed a motion requesting the reissuance of the conditional Writ of Habeas Corpus heretofore granted. The sole issue upon consideration of said motion is whether the petitioner was denied his due process right to the effective assistance of counsel on appeal

---

[*] Honorable S. Arthur Spiegel, U.S. District Judge for the Southern District of Ohio, sitting by designation.

when his state appeal was dismissed because of a procedural error of his attorney.

The Sixth Circuit Court of Appeals has recognized a due process right to the effective assistance of appellate counsel. *Gilbert v. Sowders,* 646 F.2d 1146 (6th Cir.1981); *Cleaver v. Bordenkercher,* 634 F.2d 1010 (6th Cir.1980).

\* \* \* \* \* \*

In the instant case, the failure of petitioner's attorney to file a Statement of Appeal resulting in the foreclosure of state appellate review denied him the effective assistance of counsel. *Beasley v. United States,* 491 F.2d 687 (6th Cir. 1974). Accordingly, the petitioner's motion for reissuance of a conditional Writ of Habeas Corpus must be, and the same is, hereby sustained. A Judgment will this day be entered directing that a Writ of Habeas Corpus issue herein subject to the qualifications that the subject Writ be stayed for a period of one-hundred-twenty (120) days during which the Commonwealth of Kentucky is given the opportunity to reinstate the petitioner's direct appeal or initiate proceedings to retry the petitioner.

At appellate hearing before this court, counsel for the State of Kentucky argued with great vehemence that the District Judge's judgment was clearly erroneous and should be reversed since there is "no constitutional due process entitlement to state-court appeal, and assistance of counsel being a due process right which does not exist at appeal (it exists only at trial) . . . it is clear that petitioner suffered no constitutional deprivation when his state appeal was lawfully dismissed."

We believe, however, that the contentions of Kentucky's legal representative in this case are mistaken.

■ While it is perfectly true that under the Federal Constitution no state is required to create an appellate system for persons convicted in lower courts of crime, *McKane v. Durston,* 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867 (1894), this holding does not extend to exclude federal habeas corpus review of violations of the Fourteenth Amendment occurring in the course of appellate proceedings created by state law. The cases which may be cited on this score are numerous. *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); *Smith v. Bennett,* 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961); *Draper v. Washington,* 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963), and *Ross v. Moffit,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974).

■ In this instance there is no doubt but that appellant lost his right to appeal when as found by the District Court, "his retained attorney failed to file a statement of Appeal."

In this case it should be noted that Kentucky's Constitution was amended to provide for at least one appeal as a matter of right as of January 1, 1976 before defendant's conviction. See Section 115, Constitution of Kentucky. *See also Blankenship v. Commonwealth of Kentucky,* App., 554 S.W.2d 898 (Ky.App.1977).

We recognize that counsel did file an appellate brief which he contends contained the "essentials" of Kentucky's Rule of Appellate Procedure 1.095(a)(1). He also concedes that he did not file the Statement of Appeal provided for by R.A.P. 1.095(a)(1). See Appendix A attached.

The District Judge's findings of fact are not clearly erroneous. We agree with his conclusion that petitioner "was denied the effective assistance of counsel."

The judgment of the District Court is affirmed.

## APPENDIX A

### Kentucky Rule of Appellate Procedure (RAP) 1.095(a)(1).

RAP 1.095(a)(1) states that the pleadings in the Court of Appeals of Kentucky must contain, *inter alia,* "[t]he same information as required in a statement of appeal in the Supreme Court pursuant to RAP 1.090."

RAP 1.090 states:

In all cases the appellant shall file with the record on appeal a statement setting forth:

(a) The name of each appellant and each appellee (only parties named are before the court—"et al." and "etc." are not proper designations of parties).

(b) The name and address of counsel for each appellant and each appellee.

(c) The name and address of the trial judge.

(d) The date the judgment appealed from was entered, and the page of the record on appeal on which it may be found. In civil cases the date of judgment shall be the date the clerk made the notation required by CR 77.04(2). In criminal cases the date of judgment shall be the date the clerk served the notice required by RCr 12.55 as shown by his endorsement on the retained copy of the notice.

(e) The date the notice of appeal was filed and the page of the record on appeal on which it may be found.

(f) Such of the following facts, if any, as are true:

(1) a notice of cross-appeal has been filed;

(2) a supersedeas bond has been executed;

(3) Any reason the appeal should be advanced;

(4) this is a suit involving multiple claims and judgment has been made final under CR 54.02;

(5) there is another appeal pending in a case which involves the same transaction or occurrence, or a common question of law or fact with which this appeal should be consolidated, giving the style of the other case;

(6) the appellant is free on bond.