803 F.2d 720
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHN BENJAMIN HUFSTETLER, Plaintiff-Appellant
v.
JONES W. LUNA, FAYE SIPES, AND HAROLD FISHER, Defendants-Appellees.
 No. 86-5291.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1986.
 
 1
 BEFORE: KEITH, KENNEDY and CONTIE, Circuit Judges
 
 ORDER
 
 2
 The plaintiff appeals the order dismissing his pro se civil rights action. He now moves for the appointment of counsel on appeal. That motion was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 3
 The plaintiff is a Tennessee inmate who was convicted by a jury in 1983 on various state charges stemming from the theft of an automobile. He filed this action asserting the defendants--the state prosecutor, the trial court reporter, and the attorneys appointed to represent him at trial and on direct appeal--all conspired with the state trial court to either alter or delete portions of the trial transcript so as to deny the plaintiff a fair appeal. He also claimed the state prosecutor initiated the criminal charges knowing them to be baseless. Although he sought damages, the magistrate concluded the disposition of the action "would necessarily involve a determination by this Court that the state conviction process was illegal." Based upon this Court's decision in Hadley v. Werner, 753 F.2d 514 (6th Cir. 1985) (per curiam), the magistrate recommended that plaintiff's action be dismissed without prejudice to refiling "if and when he establishes, through a petition for writ of habeas corpus, that his conviction and appeal were illegal." The plaintiff objected to that recommendation, but the district court adopted the report and dismissed the action without prejudice. This timely appeal followed.
 
 
 4
 Upon review of the record, we conclude the district court did not err in its disposition of the plaintiff's action. The purpose of the dismissal requirement announced in Hadley v. Werner, supra, was to avoid the resolution in a civil rights action of issues properly addressed in a habeas corpus action under 28 U.S.C. Sec. 2254, and subject to the exhaustion requirement thereunder. The plaintiff is challenging only the denial of a fair appeal. The denial of a first appeal as of right under state law, however, is reviewable under Sec. 2254. See, e.g., Evitts v. Lucey, --- U.S. ----, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); Gilbert v. Sowders, 646 F.2d 1146 (6th Cir. 1981) (per curiam). The logic of Hadley v. Werner, supra, therefore, is equally applicable to this case.
 
 
 5
 It is ORDERED that the motion for appointment of counsel be and it hereby is denied.
 
 
 6
 Upon examination of the record and the plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed in this appeal. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 7
 It therefore is ORDERED that the district court's order of March 6, 1986, be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.